# Rooney, Appellant, *v.* Carson et al.

*Negligence—Master—Fellow servant—Risk of employment.*

An employer, while moving machinery from an old building to a new one and making alterations in the new building, is not held to the same degree of strictness in the care of his employees during the alterations, as is required of him after such alterations are completed.

In an action for personal injuries it appeared that defendants were engaged in moving from one building to another in which alterations were being made. Sometime prior thereto, plaintiff worked in the old mill, as a weaver, but had been laid off until the new mill started up. In the meantime he was employed to assist in moving and making alterations. On the day before the accident defendant, in the presence of plaintiff, directed a young man about eighteen years of age, who was defendant's son and a foreman in the mill, to remove some shafting. At the time of the accident plaintiff was at work on his knees on the floor, when the young man in taking down the shafting let it fall and injured plaintiff. *Held*, that a nonsuit was properly entered.

Argued March 21, 1894. Appeal, No. 176, Jan. T., 1894, by plaintiff, Hugh Rooney, from judgment of C. P. No. 1, Phila. Co., June T., 1890, No. 273, entering nonsuit in favor of defendants, George Carson and George D. Irwin, trading as Carson & Irwin. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BIDDLE, J.

At the trial it appeared that, on Nov. 29, 1889, plaintiff was injured in defendant's mill. At the time of the accident defendants were engaged in moving from one mill to another, and were making alterations in the latter. Plaintiff had, prior to this, worked in the old mill as a weaver and loom fixer, but had been laid off until the new mill started up, and was afterwards employed to assist in moving and making alterations. On the day before the accident, one of the defendants directed

his son, Walter Carson, a young man about eighteen years of age, to take down some shafting in the mill.  On the day of the accident while plaintiff was on his knees on the floor fixing a loom, the young man went up a ladder near where plaintiff was working, and uncoupled the shafting, which fell from his grasp, and dropped down upon plaintiff's arm, crushing it.  It appeared that young Carson had worked with plaintiff in the old mill as a weaver, and that for three months preceding the accident he had been foreman of the mill.

The court entered a compulsory nonsuit, and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*Thomas A. Fahy*, for appellant.

*A. S. L. Shields*, for appellee, not heard.

PER CURIAM, April 2, 1894:

At the time of the accident, defendants were engaged in moving from one mill to another in which alterations were then being made.  Sometime prior thereto, plaintiff worked in the old mill as a weaver, but had been "laid off" until the new mill "started up."  Afterwards he was employed to assist in moving and making alterations, and while so engaged was injured.  As was said in Wannamaker v. Burke, 111 Pa. 423, it would be unreasonable to hold defendants "to the same degree of strictness during alterations to the building as might be required after such alterations were completed."  When plaintiff undertook to assist in moving, etc., he assumed the increased risk incident to such work.  There is nothing in the testimony that would have warranted a jury in finding that the defendants were guilty of any negligence that resulted in plaintiff's injury; and hence there was no error in refusing to take off the nonsuit.

Judgment affirmed.