# William Hurley, Appellant, v. The Lukens Iron and Steel Company.

*Negligence—Master and servant—Contributory negligence—Nonsuit.*

In an action by an employee against his employer to recover damages for personal injuries, a nonsuit was properly entered where it appeared that the plaintiff was an experienced workman in a blast furnace, that he was thoroughly familiar with the works and the method of operation ; that he knew that the furnaces were frequently repaired, and that, in making repairs it was necessary to remove part of the floor in front of them ; that he went out of the building for his own pleasure, and, in returning, passed a furnace that he knew was being repaired, and in doing so he fell into a hole where the floor had been removed, although the place was well lighted and he could have seen the hole if he had looked.

Argued Feb. 11, 1898. Appeal, No. 10, Jan. T., 1898, by plaintiff, from order of C. P. Chester County, Aug. T., 1897, No. 19, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HEMPHILL, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Samuel D. Ramsey* and *Thomas Lack*, for appellant.—The evidence as to the defendant's negligence clearly required the submission of the case to the jury: Leonard v. Collins, 70 N. Y. 90 ; Johnson v. Bruner, 61 Pa. 58 ; Wannamaker v. Burke, 111 Pa. 423 ; Pawling v. Hoskins, 25 W. N. C. 443 ; Clough v. Hoffman, 132 Pa. 626 ; Shearman and Redfield on Negligence, 12 ; Bier v. Mfg. Co., 130 Pa. 446 ; Trainor v. R. R., 137 Pa. 148 ; Cougle v. McKee, 151 Pa. 602 ; Woodward v. Shumpp, 120 Pa. 458.

The question of the plaintiff's contributory negligence was for the jury and not for the court: R. R. v. White, 88 Pa. 329 · Gates v. R. R., 154 Pa. 566 ; Ely v. Ry., 158 Pa. 233 ; Patterson v. R. R., 76 Pa. 389 ; Glase v. Philadelphia, 169 Pa. 488 ; McCully v. Clarke, 40 Pa. 406 ; Schum v. Pa. R. R., 107 Pa.

11; Reeves v. Del., L. & W. R. R., 30 Pa. 454; Crissey v. Ry., 75 Pa. 83; Ogier v. R. R., 35 Pa. 71; Steamship Co. v. Landreth, 108 Pa. 264; Ry. v. Gallagher, 108 Pa. 524; North Pa. R. R. v. Heileman, 49 Pa. 62; Lee v. Woolsey, 109 Pa. 126; Patterson v. R. R., 76 Pa. 389; Snow v. Housatonic R. R. Co., 8 Allen, 450; Goodfellow v. R. R., 106 Mass. 461; Guinney v. Hand, 153 Pa. 404; Gray v. Coal Co., 164 Pa. 508; Glossen v. Gehman, 147 Pa. 623.

The learned judge's conclusions of fact were not warranted by the evidence: Wharton on Negligence, secs. 217, 218; Ely v. Ry., 158 Pa. 233; Kohler v. Penna. R. R., 135 Pa. 346; Christman v. R. R., 141 Pa. 604.

*R. T. Cornwell*, with him *John J. Gheen* and *Gibbons Gray Cornwell*, for appellee.—The evidence does not establish negligence on the part of defendant: R. R. v. Layer, 112 Pa. 414; Titus v. R. R., 136 Pa. 618; Gillespie v. McGowan, 100 Pa. 144; Keeley v. Shanley, 140 Pa. 213; Moore v. Logan Iron & Steel Co., 7 Atl. Rep. 198; Erie Ry. Co.'s Case, 63 N. Y. 449; Brown v. Gilmore, 92 Pa. 40; Goshorn v. Smith, 92 Pa. 435; Huey v. Gahlenbeck, 121 Pa. 238; Crawford v. Stewart, 19 W. N. C. 48; Ry. Co. v. Bresmer, 97 Pa. 103; Sykes v. Packer, 99 Pa. 465; Rummell v. Dilworth, 111 Pa. 343; Rick v. Cramp, 22 W. N. C. 79; Riceman v. Havemeyer, 84 N. Y. 647; Gramlich v. Wurst, 86 Pa. 74; City v. Saylor, 87 Pa. 216; Nagle v. R. R., 88 Pa. 35; Jennings v. R. R., 93 Pa. 337.

There was no negligence on the part of defendant in any circumstance connected with the accident.

The repair hole being open was not the proximate cause of the accident. The proximate cause was the presence of the plaintiff where he had no occasion to be: Ry. v. Trich, 117 Pa. 390; Hoag v. R. R., 85 Pa. 293; Ry. v. Butler, 139 Pa. 195; Schaeffer v. Jackson Twp., 150 Pa. 145; Kieffer v. Hummelstown Boro., 151 Pa. 304; Behling v. S. W. Penna. Pipe Lines, 160 Pa. 359.

The evidence established contributory negligence on the part of plaintiff: Sweeny v. Barrett, 151 Pa. 600; City v. Magill, 101 Pa. 623; Buzby v. Phila. Traction Co., 126 Pa. 599; Robb v. Connellsville Boro., 137 Pa. 42; Lumis v. Traction Co., 181 Pa. 268; Dickson v. Hollister, 123 Pa. 421; Farley v. Traction

Co., 132 Pa. 58; Seddon v. Bickley, 153 Pa. 271; Stackhouse v. Vendig & Co., 166 Pa. 582; Bemisch v. Roberts, 143 Pa. 1; R. R. v. Ritchie, 102 Pa. 425; Butler v. R. R., 126 Pa. 160; Lynch v. Erie, 151 Pa. 380.

OPINION BY MR. JUSTICE FELL, May 16, 1898:

At the works where the plaintiff was employed there were six blast furnaces located in a row on one side of the building at such a distance from each other as to leave a clear working space fifty feet wide in front of each furnace. The foundations of the furnaces extended below the steel floor of the building to the basement. Whenever it became necessary to repair a furnace a part of the floor in front of it was removed in order that the necessary materials might be lowered to the basement. The furnaces frequently required repairing, and it was not unusual for one or more of them to be out of blast for that purpose. The plaintiff was an experienced workman. He had worked in this building for more than a year, assisting in charging the furnaces, and occasionally in repairing them. On the night of the accident he was helping to charge furnace No. 2. Furnace No. 1 had been idle for some weeks undergoing repairs, and a part of the floor, six feet by eight, in front of it, had been taken up. The place was well lighted by a row of arc lights, one of which was suspended between these two furnaces, and within sixteen feet of the hole in the floor. About nine o'clock the plaintiff, having a few minutes' leisure, went out of the mill at the side of furnace No. 2, and walked up the yard to the rear of No. 1. When recalled to his work, instead of returning by the way he had gone out, he walked directly in front of No. 1 and fell into the hole. On this state of facts disclosed by the testimony a judgment of nonsuit was entered, which the court subsequently refused to take off.

The plaintiff was thoroughly familiar with the works and the method of operation. He knew that when a furnace was out of service it was undergoing repairs, and that in making repairs it was necessary to remove a part of the floor, and that the floor was not replaced until all the repairs had been finished. He knew that furnace No. 1 was idle for the purpose of repairing, and that in making the repairs the floor would be removed. While he may have been without actual knowledge of the con-

dition of the work on the furnace, he was not justified in assuming that it had been finished and the floor replaced. He knew enough to put him on his guard, and he took no precaution whatever. The place was well lighted; he could have seen the hole if he had looked, but without looking he walked directly into it.

Moreover, he had no occasion to pass in front of the furnace. His work did not call him there. He went out of the building for his own pleasure, and in returning he walked in front of the furnace for his own convenience, because it was the shortest way. He was provided with a safe place to work. Without any occasion for so doing he went to a part of the mill which he had every reason to suppose was dangerous, and when there he exercised no care to avoid an obvious danger.

The judgment is affirmed.