## Auburn *v.* Tube Works Company.

*Master and servant—Risks of employment—Negligence.*

If an employee having opportunity of becoming acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertatn.

Argued April 25, 1900. Appeal, No. 106, April T., 1899, by defendant, in suit of Jas. A. Auburn, against National Tube Works Company, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1898, No. 132, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.

Trespass. Before KENNEDY, P. J.

The facts sufficiently appear in the opinion of the court.

At the trial defendant presented the following point:

[1. Under all the pleadings and evidence in this case the verdict should be for the defendant. *Answer:* Refused.] [1]

Verdict and judgment for plaintiff for $1,200.    Defendant appealed.

*Error assigned* among others was (1) refusal of defendant's point, reciting point and answer.

*W. B. Rodgers*, for appellant.

*L. K. Porter*, with him *S. G. Porter* and *W. A. Challener*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900 :

The defendant company is engaged in the business of pipe making.   It has a large plant with several buildings.   One of the departments is a rolling mill.   The plaintiff, when he suffered the injury complained of, was a man of some sixty years of age and had worked for the company for nearly seventeen years.   On January 17, 1897, evidences of fire were discovered in the cinder below the surface, under a battery of boilers in the mill.   The next morning it was ascertained that the fire extended under the rotary shears next to the boilers.   A hole was dug along side of the boilers to ascertain the location of the fire. A test hole was also dug about noon on January 18, on the further side of the shears.   The plaintiff was, on the afternoon of the 18th, directed by the labor foreman to procure men and to dig that night in the first hole and find the fire.   The plaintiff then saw the hole by daylight.   He knew there was fire and saw steam coming out around the shears.   In the evening, as foreman of a gang of five laborers, he went to work in the first hole, having two torches in his possession and having two others from the bricklayer.   About 10 or 11 o'clock that night, thinking that he had gone far enough with the hole in which he had been directed to dig, he started another hole on the other side of the shears.   To justify this course, he says that he consulted one, German, who was a lieutenant of police, employed by the defendant company.

After starting the second hole, he went to the mill office about midnight.   When he returned to the work, he found his men raising the iron plates which formed the flooring.   On his attention being called to the fact that he was standing on one

of the plates and thus preventing its being lifted, he says: "I made a step to one side, reached my hand out to catch the boiler wall, and I stepped and I had nothing to step on, and I went into the hole." He fell into the test hole which had been dug in the afternoon and of the existence of which he says he had no knowledge.

This is a general statement of the facts. The right to recover damages for the accident is based on the alleged negligence of the defendant company.

Passing by this question of negligence wholly, and assuming for the purposes of this discussion that the facts proven constituted negligence, we are of opinion that the defendant company was entitled to a directed verdict, as requested by the point of charge. "When the employee after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertain:" Nuss v. Rafsnyder, 178 Pa. 401; Bemisch v. Roberts, 143 Pa. 1. The plaintiff, on the afternoon of the 18th received his instructions. He had opportunity to examine and inspect the place of his labor and its surroundings. It is true that the work may not have been within the usual duties of the plaintiff, but when he undertook it, he assumed the increased risk incident to such work: Rooney v. Carson, 161 Pa. 26. He could not be unaware of the hazardous character of the labors upon which he was to enter. The presence of concealed fire was known to him. The tracing of it was the work to be done. Excavation was the method of doing it. Excavation had already begun. The risk of injury by reason of the existence of such excavation was an incident to the employment.

Furthermore, the plaintiff failed to exercise such care in the performance of the work as, under the circumstances, was required of him. The presence of steam and that the work would be required to be done with artificial light were known to him. The transfer of the labor from one point to another increased the necessity for care. As foreman of the gang of workman, it was peculiarly the duty of the plaintiff to examine the place and

surroundings of the intended excavation. He admitted that he could have seen the hole into which he fell had he looked for it. It was in immediate proximity to the work. He knew enough to put him on his guard and he took no precaution whatever: Hurley v. Steel Co., 186 Pa. 187. He depicts the conditions due to the presence of steam and the consequent difficulty in seeing the place of danger. The presence of the steam only emphasized the obligation on his part to exercise a high decree of care. He absented himself for a short time during the progress of the work. On his return he undertook to direct it at a point within one step of the hole into which he fell, and of which, up to that time, as he says, he had no knowledge. A person of ordinary prudence would have taken one of the torches and made some examination of the place of the labor, which was one of known danger: Ingram v. Navigation Co., 145 Pa. 177. Had the plaintiff done so, he would, as indicated by his own testimony, indubitably have seen the hole into which he fell. A servant or employee assumes the risk of all dangers, however they may arise, against which he may protect himself by the exercise of ordinary observation and care: Pittsburg v. Sentmeyer, 92 Pa. 277. Having failed to exercise the care required of him, the plaintiff is not entitled to recover.

None of the essential facts are here in dispute. The defendant company had, therefore, the right to call upon the court to declare the law in relation thereto and to direct the jury what verdict they should render.

The judgment is reversed.