## Gilfillan, for use, *v.* Dewoody. Dewoody's Appeal.

*Principal and surety—Judgment—Subrogation.*

One of two defendants in a judgment, who as surety for his co-defendant has paid the amount of the judgment into court, is entitled to an order subrogating him to the rights of the plaintiff, although the court, before the payment was made, had refused to order that moneys in the hands of the sheriff which were the proceeds of the sale of other real estate of the co-defendant should be applied to the payment of the judgment.

Argued Oct. 4, 1893. Appeal, No. 75, Oct. T., 1893, by use plaintiff, Perry Dewoody, from order of C. P. Venango Co., Jan. T., 1890, No. 12, in C. W. Gilfillan, Trustee of Lamberton Savings Bank, v. A. W. Dewoody and A. L. Dewoody, subrogating A. W. Dewoody to the rights of plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for subrogation.

From the record it appeared that, on Jan. 29, 1890, A. W. Dewoody and A. L. Dewoody confessed judgment in favor of C. W. Gilfillan, trustee of Lamberton Savings Bank, for $393.75. Subsequently A. L. Dewoody confessed judgments in favor of Perry Dewoody for sums aggregating more than $1,110. Perry

Dewoody issued a fi. fa. upon one of these latter judgments by virtue of which A. L. Dewoody's real estate was seized and sold on Jan. 25, 1892, for $1,110. Afterwards Perry Dewoody purchased the Gilfillan judgment and issued execution thereon to No. 21, April T., 1892. On Feb. 16, 1892, A. W. Dewoody presented his petition alleging that he was merely a surety in the Gilfillan judgment, and showing the sale of A. L. Dewoody's real estate and that the amount of this judgment was then in the hands of the sheriff, and praying for an order directing the plaintiff to receive the amount of the judgment in the hands of the sheriff and to enter upon the record of the judgment satisfaction, and that the execution in this case be set aside. Upon the presentation of this petition this execution was stayed and a rule to show cause was granted. Upon this rule testimony was taken, and, after hearing, the rule was discharged, April 4, 1892. From the decision upon this rule A. W. Dewoody appealed to the Supreme Court on April 18, 1892, and gave bail to make his appeal a supersedeas. Judgment of non pros. was subsequently entered upon that appeal.

Pending his appeal to the Supreme Court, and one week after taking that appeal, A. W. Dewoody presented another petition setting forth substantially the same facts as his former petition, and praying the court to open the judgment and direct an issue to determine whether the judgment had been paid. This second petition was refused upon its presentation.

On the day the appeal was non prossed in the Supreme Court, Oct. 3, 1892, A. W. Dewoody paid the sheriff the amount called for by the execution upon the Gilfillan judgment owned by Perry Dewoody. And on the same day he presented his petition to the court below, showing as facts his payment of the judgment, debt, interest and costs, the sale of A. L. Dewoody's real estate ; that $500 of the money made by that sale had been ordered into court for distribution ; and alleging that he was surety for A. L. Dewoody, and praying that he be subrogated to the rights of the plaintiff herein. A rule to show cause was granted upon this third petition, and after testimony was taken and hearing had, the court made an order subrogating A. W. Dewoody to the rights of the plaintiff.

*Error assigned* was the order of the court as above.

*Carl I. Heydrick, E. H. Lamberton* with him, for appellant, cited: Frauenthal's Ap., 100 Pa. 290; Hamner v. Griffith's Adm'r, 1 Grant, 193.

*George S. Criswell, J. W. Lee* with him, for appellee, cited: McCormick v. Irwin, 35 Pa. 111; Bender v. George, 92 Pa. 36; Ackerman's Ap., 109 Pa. 254; Miller's Ap., 119 Pa. 631; Cottrell's Ap., 23 Pa. 294; Gearhart v. Jordan, 11 Pa. 325; Watson's Ap., 90 Pa. 426; Shamburg v. Abbott, 112 Pa. 6; Bruner's Ap., 7 W. & S. 269.

PER CURIAM, October 23, 1893:

An examination of the record in this case has failed to satisfy us that there is any error in the decree of which appellant complains.

Decree affirmed and appeal dismissed, with costs to be paid by appellant.