Benjamin Sopherstein *v.* William B. Bertels, Appellant.

*Negligence—Master and servant—Defective machine—Contributory negligence—Evidence.*

Contributory negligence is a matter of defense and, therefore, when the plaintiff makes out a prima facie case without disclosing contributory negligence, the burden of proof is on the defendant of making out his defense, but when contributory negligence is sufficiently disclosed by the plaintiff's own evidence, of course, the defendant is relieved from the necessity of proving it : Baker v. Gas Co., 157 Pa. 601, followed.

In an action by an employee against an employer to recover damages for personal injuries, it appeared that plaintiff was employed at a machine to stamp what are called bottles, which serve as covers for tin dinner pails.  His duty was to place the tin bottle in a die, touch a pedal with his foot, and thus bring down a plunger which made the proper stamp. Plaintiff testified that the plunger dropped twice on a Wednesday when his foot was not upon the pedal.  He stated that he notified the superintendent of the condition of the machine ; that the latter came on Thursday and fixed it, and then told him it was all right, and to go ahead ; that on

Friday, while placing the bottle in the die, the plunger dropped, inflicting the injury of which he complained. The defendant's testimony that it was not possible for the plunger to fall unless the foot was on the pedal was contradicted by witnesses for the plaintiff who testified that they saw the plunger fall when the pedal was not touched. The evidence was also contradictory as to whether it was necessary in putting the bottle into the die to expose the hand to danger. *Held,* that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

In an action by an employee against his employer to recover damages for personal injuries caused by an alleged defective machine, it is proper to admit evidence that the machine was defective before the accident, and before plaintiff worked upon it, and that while being operated by another employee, that employee had also been injured and quit work, because his employer would not repair the machine.

*Practice, S. C.—Assignments of error—Rulings on evidence.*

An assignment of error to the admission of testimony is insufficient, which, while containing the offer of evidence, does not include any part of the testimony admitted under it.

Argued April 14, 1896.    Appeal, No. 81, July T., 1895, by defendant, from judgment of C. P. Luzerne Co., October T., 1892, No. 216, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.    Affirmed.

Trespass for personal injuries.    Before RICE, P. J.

At the trial it appeared that the plaintiff was injured on January 8, 1892, while operating a tin stamping press in the defendant's factory in Wilkes-Barre.    His work was to stamp what are called bottles which serve as covers for dinner pails. In the performance of this work his duty was to place the tin bottle in a die, touch a pedal with his foot, and thus bring down a plunger which made the proper stamp.    He would then take out the bottle and pass it on to an operator of an adjoining press for further treatment.    Plaintiff testified that he was injured on Friday by the plunger falling before he had placed his foot upon the pedal.    He stated that on the previous Wednesday he had called the superintendent's attention to the defect in the machine; that the superintendent fixed it on Thursday and said to him: "Go ahead, hurry up; go ahead, that is all right."

Plaintiff's counsel proposed to show that the plunger fell down on this same machine before plaintiff was employed there —that the plunger fell without the foot being on the pedal; this evidence for the purpose of showing the defectiveness of

the machine. Objected to. Objection overruled, exception noted, and bill sealed for defendant. [8]

Other facts appear by the opinion of the Supreme Court.

The defendant's points and answers thereto were as follows :

2. The claim of the plaintiff is that the defendant was guilty of negligence, and by reason thereof he was injured, without any fault of his own ; the burden is therefore upon him to prove not only that he was not guilty of any negligence contributing in any degree to the injury he suffered, but also that the defendant was guilty of negligence which caused the said injury. *Answer :* We decline to charge in the language of that point. A plaintiff, in order to recover upon the ground of negligence from a defendant, must prove a case of negligence on the part of the defendant, and one clear of negligence on his own part; but if the plaintiff has shown a case of negligence on the part of the defendant, and it does not appear in the presentation of his own case that he has himself been guilty of negligence, then the burden of proving contributory negligence of the plaintiff rests upon the defendant. But if, as we have already said, you should find not only that the defendant was negligent, but also that the plaintiff's negligence contributed in any degree to the injury, he would not be entitled to recover. [1]

4. The plaintiff, by his own testimony showing that he discovered that the machine was out of order and specially dangerous, continued working the same, and having notified the superintendent of its condition, who fixed it, and then declared it all right, he then continued to work it until the following day without further difficulty until the accident which caused the injury ; he thereby shows either that he was guilty of contributory negligence on his own part, or that the injury was caused by one of those unforeseen accidents against which human imperfection cannot provide, the risk of which the plaintiff took upon himself in undertaking the employment. *Answer :* This point is answered in the negative. In connection therewith we say, however, the employer does not guarantee the safety of his employee. He does undertake to exercise due care in the particulars to which we have called your attention. If the injury was caused by one of those unforeseen accidents against which human imperfection cannot provide, the risk was one which the plaintiff took upon himself, but whether it was so or not is a

question to be decided by the jury, under the instructions we have given. [2]

5. The uncontradicted evidence of all the machinists, and persons familiar with the manner of operating the machine, being that, in putting the bottle or cover into the die, there was no necessity whatever for the exposure of the fingers or any part of the hand to danger or injury, and the plaintiff testifying that he received the injury when putting the bottle or cover into the die, thus shows that he unnecessarily exposed himself to danger, and that the injury he suffered was in consequence of such unnecessary exposure. *Answer :* We decline to charge as requested in that point. [3]

6. The uncontradicted evidence being that in no case was there any necessity for the exposure of anything more than the ends of the fingers in the operating the machine, the injury suffered by the plaintiff itself shows that he unnecessarily exposed his hand to danger, without which unnecessary exposure the injury he suffered would not have been inflicted. *Answer :* We decline to charge as requested in that point. [4]

7. It thus clearly appearing, from the evidence as to the operation of the machine, and the plaintiff's own testimony in connection therewith, and also from the character of the injury suffered, that the plaintiff was guilty of contributory negligence without which he would not have suffered the injury, he cannot recover in this action, and the verdict must be for the defendant. *Answer :* We decline to charge as requested in that point. We negative all three of those points which we have just read ; because, for reasons that we have already suggested, such a ruling would withdraw from your consideration the questions of fact which we think it is your province to decide. The general principle that if he unnecessarily exposed himself to a known danger it was contributory negligence, we have already declared to you, but whether he did so or not is for the jury and not for the court to decide. [5]

8. If the jury find that the testimony of the plaintiff is inconsistent in itself, and inconsistent with known circumstances, then it is unworthy of credence, and he has failed to make out a case, and the verdict should be for the defendant. *Answer :* We affirm that with this qualification. The fact that a man's testimony may be contradicted in some particulars does not

necessarily make him wholly unworthy of belief; the effect which is to be given to the successful contradiction of his testimony in any particular, is to be considered by the jury in determining what weight it is to be entitled to; but the court cannot declare to you as a matter of law, that the fact that a witness has testified to a particular in regard to which he was successfully contradicted, or which was inconsistent with known circumstances, would render him unworthy of belief. If, however, his testimony as a whole—and we so understand the point —is inconsistent in itself and inconsistent with known circumstances, then it goes to show that he is unworthy of credence, and the jury may and ought to reject it. [6]

9. Under the pleadings and all the evidence in the case the verdict should be for the defendant. *Answer:* We decline to charge as requested in that point. [7]

Verdict and judgment for plaintiff for $950. Defendant appealed.

*Errors assigned* were (1–7) above instructions, quoting them; (8) ruling on evidence, quoting the offer, but not the evidence admitted under the offer; (9) in submitting the case to the jury in a charge that was not adequate to the requirements of the case.

*A. ·Ricketts,* for appellant, cited: Lancaster v. Kissinger, 11 W. N. C. 151; P. & R. R. R. v. Hughes, 119 Pa. 301; Mensch v. Pa. R. R., 150 Pa. 598; Mixter v. Imperial Coal Co., 152 Pa. 395; Kaufhold v. Arnold, 163 Pa. 269; Pittsburg & Connellsville R. R. v. Sentmeyer, 92 Pa. 276; Green & Coates St. Pass. Ry. v. Bresmer, 97 Pa. 103; Payne v. Reese, 100 Pa. 301; Mueller v. Ross Twp., 152 Pa. 399; D., L. & W. R. R. v. Cadow, 120 Pa. 559; Pittsburg & Connellsville R. R. v. McClurg, 56 Pa. 294; Erie v. Magill, 101 Pa. 616; Pittsburg etc. Ry. v. Taylor, 104 Pa. 306; Barnes v. Sowden, 119 Pa. 53; Brown v. Pitcairn, 148 Pa. 387; The Santissima Trinidad and the St. Andre, 7 Wheat. 283; Tietz v. Traction Co., 169 Pa. 516.

*Edward A. Lynch,* with him *Wm. H. Hines* and *John T. Lenahan,* for appellee, cited: Fritz v. Jenner, 166 Pa. 292; Patterson v. R. R., 76 Pa. 389; Lee v. Woolsey, 109 Pa. 124;

Brownfield v. Hughes, 128 Pa. 194; Lancaster v. Kissinger, 11 W. N. C. 151; Kingston v. Gibbons, 18 W. N. C. 334; Mallory v. Griffey, 85 Pa. 275; Patterson v. R. R., 76 Pa. 389; Henderson v. R. R., 144 Pa. 479; Phila. R. R. v. Schultz, 93 Pa. 341; Baker v. Irish, 172 Pa. 528.

OPINION BY MR. JUSTICE McCOLLUM November 11, 1896 :

The learned judge of the court below charged the jury that under the testimony the defendant could not be held liable for negligence in the selection of the machine, and that the plaintiff had worked upon it long enough to know that it was unnecessary and unsafe to put his foot on the treadle while his hand was on the die. The questions whether the defendant had provided a reasonably safe machine and adequately instructed the plaintiff as to the manner of using it were thus eliminated from the case.

The first specification of error complains of the answer to the defendant's second point, in which the court was requested to instruct the jury that the burden was on the plaintiff to prove that " he was not guilty of any negligence contributing in any degree to the injury he suffered." An unqualified affirmance of the point would have constituted plain error. The rule which defines the duty of the plaintiff, in this particular, is thus stated by the present Chief Justice in Baker v. Gas Co., 157 Pa. 601. " Contributory negligence is matter of defense, and the onus probandi is on the defendant, unless the plaintiff's own evidence sufficiently discloses the fact of contributory negligence. In that event the plaintiff cannot recover, and of course the defendant is relieved from the necessity of proving what has already been established by the plaintiff's evidence. If, however, the plaintiff makes out a prima facie case, without disclosing contributory negligence, the defendant must assume the burden of making out his defense." See also Canal Co. v. Bentley, 66 Pa. 30; Mallory v. Griffey, 85 Pa. 275. As the instruction complained of is in exact accord with the rule as above stated, the first specification is overruled.

The second specification of error is based on the refusal of the court to affirm the defendant's fourth point. The point requested the court to hold that upon the plaintiff's own testimony he was guilty of contributory negligence, or that the injury

he received " was caused by one of those unforeseen accidents against which human imperfection cannot provide." The conclusions were not warranted by the testimony referred to in the point. It does not follow as a principle of law that because the plaintiff discovered and informed the superintendent on Wednesday that the machine was out of order, and continued to operate it after the superintendent had done some work upon it and pronounced it all right, that he was chargeable with contributory negligence, or that the injury he received was caused by an " unforeseen accident against which human imperfection cannot provide." The cases cited to sustain this branch of the plaintiff's contention are plainly distinguishable in their facts from the case at bar, and we find no sufficient warrant in any of them for an affirmance of the fourth point. The plaintiff testified that the plunger dropped twice on Wednesday when his foot was not upon the treadle. This was notice to him that the machine was defective, or out of order. He also testified that he notified the superintendent of the condition of the machine; that the latter came on Thursday and fixed it, and then told him it was all right, and to go ahead; that on Friday while placing the tin bottle or cover in the die, the plunger dropped, inflicting the injury of which he complains. His testimony was corroborated by the testimony of Abram Engle and Max Shoenfelt.

The third, fourth and fifth specifications of error may be considered together. They are based on the refusal of the court to affirm the defendant's fifth, sixth and seventh points. The fifth point assumes that the uncontradicted evidence of all the witnesses, familiar with the manner of operating the machine, shows that in putting the bottle or cover into the die there was no necessity for the exposure of the fingers, or any part of the hand to danger or injury, and the sixth point asserts that the uncontradicted evidence shows there was no necessity for the exposure of anything more than the end of the fingers in operating it. In the fifth point the conclusion was reached, from all the evidence referred to therein, that the plaintiff " unnecessarily exposed himself to danger and that the injury he suffered was in consequence of such unnecessary exposure," and in the sixth point a like conclusion was drawn from the testimony mentioned in it and the character of the injury itself. The

seventh point asserts that it appears from the evidence as to the operation of the machine, the plaintiff's own testimony in connection therewith, and the character of the injury suffered, that the plaintiff was guilty of contributory negligence, and concludes that "the verdict must be for the defendant." The learned judge of the court below negatived these points because an affirmance of them would withdraw from the consideration of the jury questions of fact which he thought it was their province to decide. We do not think that he erred in his answers to the points. The credibility of the witnesses who testified in support of the defendant's theory that it was not possible for the plunger to fall unless the foot was on the treadle, or it was touched in some way, was for the consideration of the jury, as well as the credibility of the witnesses who testified that they saw the plunger fall when they saw the treadle was not touched. The same may be said of the witnesses who testified that in putting the bottle or cover into the die there was no necessity for the exposure of the fingers or any part of the hand to danger or injury, and of the witnesses whose testimony on this point was directly opposed to theirs.

The sixth specification is founded upon the answer to the defendant's eighth point. The point was affirmed with a qualification intended to prevent a misapprehension of it. We think the answer to the point was not erroneous or objectionable, and that the defendant has no good reason to complain of it.

The seventh specification rests upon the refusal of the court to affirm the defendant's ninth point. The point was that "under the pleadings and all the evidence in the case the verdict should be for the defendant." It will be seen from what we have already said that we cannot sustain this specification.

The eighth specification is not according to rule. It contains the offer of evidence, but does not include any part of the testimony admitted under it. But waiving this, we think the evidence offered and received was competent. It was offered and admitted for the purpose of showing that the machine was defective or out of order shortly before the occurrence in question. It showed that the plunger dropped while the boy who preceded the plaintiff in operating the machine was there, and further that in that case as in this the foot of the operator was not upon

the treadle when the plunger dropped. It also showed that the boy quit work because his employer would not fix the machine for him.

We cannot say that the charge was inadequate. The principles governing the action were carefully and clearly defined in it, and all the issues of fact were plainly and correctly presented to the jury for their consideration. The evidence was not reviewed in it and there was no request that it should be. It was absolutely impartial and there was no expression or statement in it having the slightest tendency to mislead the jury in any particular. There is not an omission or instruction in it which furnishes any ground for reversing the judgment. It may be that the jury should have found for the defendant. But as we are clearly of opinion that the evidence in the case presented issues of fact which it was their province to decide, we refrain from any discussion in regard to the credibility of the witnesses on either side, or the weight of the testimony.

The specifications of error are overruled and the judgment is affirmed.