## Jesse Eardley v. Keeling & Ridge, Appellants, and the City of Pittsburg.

*Practice, C. P.—Verdict by direction—Not permissible on conflicting evidence.*

To justify a verdict by direction, two conditions must concur: (1) the controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared.

In an action for damages resulting from alleged negligence in the construction of a sewer in front of plaintiff's premises, where the evidence as to the effect of certain blasting and as to whether the trench was left open an unreasonable length of time, was conflicting, the controlling facts were not established beyond a doubt and the case was properly left to the jury.

Argued April 11, 1899. Appeal, No. 36, April T., 1899, by Keeling & Ridge, defendants, from judgment of C. P. No. 2, Allegheny Co., April T., 1897, No. 204, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.

Trespass. Before FRAZER, J.

It appears from the evidence that defendants, Keeling & Ridge, as contractors for the city of Pittsburg, under authority of an ordinance of that city, were engaged in constructing a sewer in front of plaintiff's premises. The evidence, although conflicting, tended to show that at the time of its construction a number of cracks appeared in the ground around plaintiff's house and that the cellar wall was cracked; that the floor became so irregular that the doors would not open; that the plastering upon the walls and ceilings downstairs and in the attic fell off and that other damage was done. There was evidence also tending to show that there was negligence and reckless use of

dynamite in blasting and that the defendant permitted the trench to remain open too long and that it partly filled up with water by reason of which the soil slipped down and helped to injure the plaintiff's property. Defendants' evidence tended to show that the blasts were so light that it was impossible for them to do any damage to surrounding property and that they took place some 290 to 300 feet beyond the boundaries of plaintiff's property and that the trench was only left open a necessary time of two or three days instead of two or three weeks as alleged by plaintiff.

The court below refused binding instructions for defendant.

Verdict and judgment for plaintiff for $200. Defendants Keeling & Ridge appealed.

*Error assigned* was refusing binding instructions in favor of defendant.

*Stephen W. Stone*, of *Stone & Potter*, for appellants.—The courts have always held in such cases that in order to recover ror damages sustained, negligence must be proved, and not inferred. It is not proof of negligence, to show that after a blast is put off cracks appear in the walls, and the plaintiff's house settles. There must be some negligence shown in the performance of the work, as well as a causal connection between that negligence, and the damages sustained.

Where neither the manner in which the injuries were received, nor that there was negligence on the part of the defendant company or its employees, is shown by the evidence, it is not error to enter a judgment of compulsory nonsuit: Curtin v. Somerset, 140 Pa. 70.

Where the evidence is so weak that it would be the duty of the court to set aside the verdict of the jury, there is no propriety in submitting it: Holland v. Kindregan, 155 Pa. 156.

*D. R. Jones*, for appellee.—When the circumstances are in dispute or being undoubted, are such that the measure of care cannot be fixed, it is for the jury to determine its measure, and from the facts, as found or admitted, to draw the conclusion of due care or of negligence: Neslie v. Passenger Co., 113 Pa. 300; Railroad Co. v. Coon, 111 Pa. 430.

Where there are too many elements to enable the court to say there was any fixed standard of prudent conduct with which a person is bound to conform, the question under the circumstances in evidence, is for the jury: Christian v. Railroad, 141 Pa. 604.

OPINION BY BEEBER, J., May 18, 1899:

This was an action of trespass to recover damages for injuries caused to plaintiff's house by alleged negligence of the defendants in the manner of constructing a sewer in front of plaintiff's premises. It appeared that the defendants had made a contract with the city of Pittsburg to construct a sewer along Ethel street upon which plaintiff's house fronted. The plans, according to which the sewer was to be built, required in some places excavations as deep as nineteen feet. At some places in this trench rocks or boulders were encountered which had to be removed. To accomplish this the defendants used dynamite to blast them. The plaintiff submitted evidence to show that the explosions induced by the use of the dynamite partly caused the injury to his property. The other negligent act of the defendants complained of, was their failure to close up the trench within a reasonable time after the work was done, in consequence of which it partly filled up with water, causing the soil to slip down and thereby contributing towards the injury to the plaintiff's property. The single assignment of error raises the question whether the court below ought to have given binding instructions for the defendants.

In Menner v. Canal Co., 7 Pa. Superior Ct. 135, in considering the circumstances which justified the court below in directing a verdict, we said: " To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared." Under this rule it would have been clear error to have directed a verdict for the defendants, for the controlling facts were not established beyond doubt. Plaintiff's evidence showed that the blasting was done in front of an adjoining lot and within about fourteen feet of his own lot, and that the trench was allowed to remain open from thirteen to fourteen days. It is true the defendants' testimony was

to the effect that no blasting at all was done within 290 feet of one side of plaintiff's lot, and within 300 feet of the other side of his lot, and that the trench was not allowed to remain open more than three or four days. With the evidence thus conflicting it is too plain for discussion that the learned trial judge could not properly have given binding instructions for the defendants. He went as far as the defendants could have reasonably asked him to go when he said to the jury that if they believed that these blasts were as far off plaintiff's premises as defendants' evidence showed they were it was not probable that they would have done very much damage to plaintiff's property. There was also much conflicting evidence as to whether the explosion of the dynamite and the failure to fill up the trench were the causes of the injury to the plaintiff's property, but the plaintiff's evidence, if believed, was sufficient to have justified the jury in concluding that these two acts of the defendants did cause the injury. There being this irreconcilable conflict of evidence on these points, it is manifest that the learned trial judge could not have given a binding instruction that would have ignored entirely the plaintiff's evidence. An examination of all the testimony satisfies us that it was a case that should have gone to the jury.

Judgment affirmed.