Louisa Valentine, in her own right, and as mother and next friend of Louis Valentine, a minor, *v.* The A. Colburn Company, a Corporation, Appellant.

*Master and servant—Vice principal—Defective machinery—Question for jury.*

There being evidence that plaintiff was injured by operating defective machinery, that he was ignorant of the defect, although it had existed for some time, and that the condition of the machine had been reported to the superintendent of the department, the question of defendant's liability was properly left to the jury.

*Statement—Evidence—Allegata and probata.*

An allegation that a machine was defective and without proper guards is broad enough to warrant the admission of evidence tending to establish any defect in the machine which rendered it dangerous to the operator.

Argued Oct. 12, 1898. Appeal, No. 114, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1898, No. 436, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Trespass for personal injuries. Before FINLETTER, P. J.

It appears from the record that these two cases were brought by the plaintiff to recover damages from defendant for injuries alleged to have resulted from the negligence of defendants in permitting the plaintiff, Louis Valentine, to work at a defective stamping machine which at other times was operated by other employees.

Other facts sufficiently appear in the opinion of the court.

The trial judge left the question of defendants' negligence and liability to the jury.

Verdicts and judgments for plaintiffs for $500 respectively. Defendants appealed.

*Errors assigned* were (1) in admitting evidence respecting an alleged defect in the machinery by which plaintiff, Louis Valentine, was hurt; which defect is not set forth in the statement filed, another defect having been therein set forth. (2) In refusing to give binding instructions to the jury to find for the defendants. (3) In discharging rule for new trial and entering judgments on the verdicts, such verdicts being against the evidence and against the charge of the court.

*J. Howard Gendell*, for appellant.—The master must use reasonable care and diligence to furnish proper machinery, but having done this, his duty is complete unless the article is of a perishable nature, such as a rope which is exposed to wear. If an accident occurs and a workman is hurt, in order to recover he must show the cause of the accident. The mere fact of accident is not enough. He must further show that the employer knew, or ought to have known, of the defect which caused the trouble, and that he failed to remedy it. All these circumstances must be affirmatively proved. A very few cases, out of a large number, are cited: Baker v. Allegheny Valley R. R. Co., 95 Pa. 211; Augerstein v. Jones, 139 Pa. 183; Mixter v. Imperial Coal Co., 152 Pa. 395.

But there is no rule of law respecting the liability of master to servant better settled than that a mere room foreman is a fellow-servant and not a vice principal. Among the numerous cases on the subject, we cite a very few: Prevost v. Citizens' Ice Co., 185 Pa. 617; McKenna v. Paper Co., 176 Pa. 306; Kinney v. Corbin, 132 Pa. 341; Duffy v. Oliver, 131 Pa. 203.

*A. Morton Cooper* and *John M. Vanderslice*, for appellees.— In his statement plaintiff alleges that the machine "was defective and without the proper and necessary guards" and further "that the said defendant knowing this fact negligently and wrongfully allowed the said grooving machine to be and continue defective and unprotected and without said guards."

That which was lacking here was a proper spring or mechanism to prevent the stamp from prematurely or improperly falling, which premature falling was a fault or defect.

It is submitted that if the language of the statement was ambiguous, it should have been demurred to. But that the meaning was clear and well understood by defendant, and that there was no surprise causing disadvantage is clearly shown by the fact that defendant had present and called five expert machinists to prove that the machine could not be defective and work the way plaintiff alleged, and one of these witnesses, Mr. Flood, consulting engineer of the Bliss company of Brooklyn, was examined the first day of the trial.

There was positive evidence that the machine worked wrongly for months before the accident and that this fact was known to defendant.

The case was properly submitted to the jury because there was positive evidence of the negligence of defendant although this was partly denied by the defendant.

It has been held in many late cases that when there is a conflict of evidence the case must go to the jury, as in D., L. & W. R. R. v. Jones, 128 Pa. 308, and Howett v. P. W. & B. R. R., 166 Pa. 607.

If there is any evidence from which negligence may be fairly inferred, it must go to the jury, no matter how strong or persuasive be the countervailing proof: Citizens' Passenger Ry. Co. v. Foxley, 107 Pa. 537.


OPINION BY W. D. PORTER, J., July 28, 1899:

Louis Valentine, a youth nineteen years of age, was employed by the defendant company and during a part of the time worked at a stamping machine, which at other times was operated by other employees. In order to throw the machine into gear the operator placed his foot upon a treadle when the stamp would fall and rise rapidly, ceasing as soon as the pressure of the foot was withdrawn, unless the machine had become defective. So long as the foot was not on the treadle the die should have remained up. The plaintiff testified that he was engaged in stamping tin cans and had taken his foot off the treadle, the can which had been stamped stuck and, while he was endeavoring to remove it, the die suddenly descended, while his foot was not on the treadle, and severed his thumb.

The first specification of error relates to the overruling of an objection, on the part of defendant, to evidence which it is conceded was admissible if the plaintiff's statement alleged that the machine was generally defective. It is contended on part of the defendant that the statement merely alleges that the machine was defective in respect to the absence of guards. The statement alleges that the machine was defective and without the proper and necessary guards. This allegation was broad enough to warrant the admission of evidence tending to establish any defect in the machine which rendered it dangerous to the operator. If the defendant had desired to limit the scope of the inquiry he should have asked for a bill of particulars. It is evident that the defendant was not misled by the statement, for he did not move for a continuance and went right on and produced evidence touching the very matter to which the testimony of which he now complains related. In fact it is now contended that the evidence upon this point is so overwhelmingly in favor of defendant that the case ought to have been withdrawn from the jury. The first specification of error is without force.

The second specification complains of the refusal of the court to give binding instructions in favor of the defendant. To such instructions it is asserted that the defendant was entitled upon three grounds, viz : First, that the evidence did not establish the fact that there was a defect in the machine ; second, that if the machine was defective there was no evidence of notice to defendant of the existence of the defect, and, third, that the plaintiff was guilty of contributory negligence. As to the first of these grounds, it is sufficient to say that it is conclusively established by the evidence that, so long as the machine was in proper order, the stamp could not fall unless the foot was pressed upon the treadle. Thomas W. Burk, an expert, called as a witness by defendant, testified as follows : " Q. If for any reason the spring did not catch, or if it caught on such a small surface it would slip back, and would not run continuously? A. It might possibly make one strike, it never did it in my time. Q. You never heard of it doing it ? A. No, sir. Q. Did you ever hear of any such machine doing that ? A. Sometimes when the machines are worn out and old, they might do it." The plaintiff testified that this machine did make the one such

453, (1899).]˙          Opinion of Court below.

extra stroke which injured his hand.  Three other witnesses, Pickering, Hawthorne and Finkensign, testified that this machine had on many previous occasions made such one extra and irregular stroke, and that it had been in this defective condition for several months.  This was sufficient evidence to require the submission of the question of the existence of a dangerous defect in the machine to the jury, even though a number of witnesses testified that the machine could not make such an irregular stroke : Sopherstein v. Bertels, 178 Pa. 401.  Did the defendant company, or any officer whose knowledge would affect it, have notice of the dangerous condition of the machine?  It is clear that Burk and Heinz were mere foremen of the tin room, who reported to Samuel A. Riebel, the manager of the tin department and baking powder department, and such foremen were mere coemployees with plaintiff.  Riebel stood in a different position, to him had been delegated the entire charge of that branch of the business ; he testifies that any complaints would have been made to him, and that the officer over him was Malcomb, the secretary and treasurer of the company.  The testimony of Malcomb clearly shows that he had nothing to do with the practical operation of the plant, and merely looked after the bills and kept a record of the financial transactions of the company.  Colburn, the president of the company, testified that Riebel was the " manager of the tin department and baking powder department," and specifically names him as one of the " executive officers of the company."  All the evidence indicates that the company had placed the entire charge of that branch of the business in the hands of Riebel, he was a vice principal and notice to him was notice to the defendant company : Prevost v. Citizens Ice Company, 185 Pa. 617.  Hawthorne, a witness called by plaintiff, testified that he had worked with this machine, prior to the accident, and that he noticed this same defect and that he complained to Burk, the foreman, who in the presence of the witness, told Riebel, the manager.  This was sufficient evidence to carry the case to the jury upon that question.  There was no evidence whatever which would have justified the court in taking the case from the jury upon the ground of contributory negligence of the plaintiff.  Plaintiff had no knowledge of the defect in the machine, and supposed that it could not strike his hand while his foot was off the

treadle.   The defendants even now contend that such a thing was not possible.   It would have been error for the court to hold that it was negligence in plaintiff not to guard against that which defendants had led him to believe was a mechanical impossibility.   The second specification of error is not well founded.

The third specification is against the action of the court in refusing a new trial for which the judgment will not be reversed in the absence of any abuse of discretion.

Judgment affirmed.