Margaret Fisher and Harry B. Fisher, Devisees under the Last Will and Testament of Gideon L. Fisher, v. George W. Ruch, Appellant.

*Evidence—Relevancy—General objection—Reversible error.*

The party offering evidence is bound, if requested, to state the purpose of it fully, and the party who objects must state his objection. If the purpose is not voluntarily stated and the other party does not ask it to be stated, but objects to the offer generally, the general rule seems to be that if the offer is relevant and competent for any purpose, it is not reversible error to admit it.

*Evidence in chief or rebuttal.*

It is not reversible error that the plaintiff was permitted to introduce evidence in chief that might have been reserved for rebuttal.

*Evidence—Relevancy—Specific instructions.*

The cause of action turning on alleged negligence of the defendant in the execution of contract work with the city, it is not reversible error to permit the plaintiff to offer in evidence in chief the contract between the city and the defendant, nor to show what orders relative to the work in question were given by the city through its proper officers within the scope of its supervisory authority. Such evidence is not entirely irrelevant, and therefore having been admitted under a general objection the action of the court is not reversible error, because it may not have been competent evidence to establish inferentially the opinion of the chief engineer as to the methods that ought to be adopted in such work. The defendant might have had its effect defined by specific instructions.

*Negligence—Implication from control of causal thing.*

When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from want of care.

*Question for jury—Negligence—Incident of city life.*

It is a question for the jury whether injuries resulting to property of plaintiff located on a city street were the unavoidable consequences of the nonnegligent use of a lawful and usual method of tunneling, or were caused by an omission of the precautions in the use of that method which, under the circumstances, ordinary prudence would dictate.

Argued Oct. 11, 1899.   Appeal, No. 139, Oct. T., 1899, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1894, No. 1016, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by RICE, P. J.

Trespass.   Before PENNYPACKER, P. J.

It appears from the record and evidence that plaintiffs were owners of premises on Callowhill street, Philadelphia, and that defendant was a contractor of the city of Philadelphia under a contract in writing providing for the construction by defendant of a subway sewer in tunnel in the bed of Callowhill street, between Seventeenth and Twenty-first streets; that the existence of rock in the street rendered it necessary to use explosives for blasting, and that the contract gave defendant the authority to blast; that the blasting was done under the supervision of the city; that the contractor submitted to this supervision and, as alleged by defendant, complied with the orders of the city.   There was no evidence offered of any injury through rock or earth being thrown out by the blasts and upon plaintiffs' premises, and the evidence concerning the injury was directly contradictory, plaintiffs' witnesses averring that the blasting damaged plaintiffs' property by concussion of the air and the witnesses for defendant denying it.

At the trial the court, under objection of defendant, admitted the following evidence on behalf of plaintiffs:

[DEPARTMENT OF PUBLIC WORKS,
BUREAU OF SURVEYS,
Room 418, City Hall, Broad and Market Sts.
GEORGE S. WEBSTER,
*Chief Engineer.*

PHILADELPHIA, October 30th, 1894.

Subject:—Blasting at 20th and 21st Streets Shafts.

*George W. Ruch, Esq.*, 2851 *Hutchinson Street, Philadelphia.*

DEAR SIR:—Confirming the order by telephone to your office

yesterday afternoon, and the subsequent one to your Superintendent on Callowhill Street, I would say that hereafter you will discontinue the use of dynamite in your headings at 20th and 21st Streets, and will use gunpowder in its place, taking care to make the charges of such size as will cause no damage.

You will also see that the tops of the shafts are covered at each blast.

Yours truly,

G. S. WEBSTER,

Chief Engineer.] [1]

[DEPARTMENT OF PUBLIC WORKS,

BUREAU OF SURVEYS,

Room 418, City Hall, Broad and Market Sts.

GEORGE S. WEBSTER,

      *Chief Engineer.*

PHILADELPHIA, November 27th, 1894.

Subject:—Blasting.

*George W. Ruch, Esq., 2851 Hutchinson Street, Philadelphia.*

DEAR SIR :—Confirming the verbal instructions issued to you on Saturday last by Assistant Engineer R. I. D. Ashbridge, I would say that hereafter you will reduce your charges in blasting as a precautionary measure at all points along your contract, so as to prevent damage to buildings and injury to the city structures in the street.

Yours truly,

G. S. WEBSTER,

Chief Engineer.] [2]

[" Q. As an engineer, with knowledge of this work, was or was not it possible to have made the excavations there without damaging property to the extent of cracking walls, ceilings, throwing walls out of plumb, distorting front steps, and so forth? A. That is a very broad question to answer. Of course, if the work had been done without any explosive material, and the cutting had been so protected with timber as to prevent any settlement, there should have been no resulting damage to property. With the use of explosives there is no doubt in my mind that if explosives were confined within the proper limits and the work carefully carried on, that no damage should have resulted to buildings."] [3]

Defendant submitted among others a point, which point and answer were as follows :

[4. There is no evidence of negligence on the part of the defendant in the construction of the said sewer. *Answer :* I decline that point, leaving the questions to be determined by you under the evidence which has been presented to you.] [4]

Verdict and judgment for plaintiffs for $250. Defendant appealed.

*Errors assigned* were (1–3) to rulings on evidence, reciting same. (4) In declining to affirm defendant's fourth point, reciting point and answer.

*Charles H. Edmunds*, for appellant.—Negligence cannot be assumed from the mere fact of injury, but must be proved: Easton v. Neff, 102 Pa. 474.

The burden of proving negligence affirmatively is on the plaintiffs: Railway Co. v. Gibson, 96 Pa. 83; Baker v. Fehr, 97 Pa. 70; R. R. Co. v. Latshaw, 93 Pa. 449; Whitaker v. Canal Co., 87 Pa. 34; Brownfield v. Hughes, 128 Pa. 194.

But where a lawful act is done by an individual or a corporation, there is no responsibility for the consequences, however injurious they may be, unless it was so done as to constitute an actionable nuisance: Wood on Nuisances (3d ed.), 1277.

That is not the test by which negligence is proved. The question is not whether it is possible to do work in such a way as to avoid injury, but the test under all the cases is " did the defendant fail to take the precautions and employ the methods usually taken and employed for such work?" Titus v. Railroad Co., 136 Pa. 618. To the same effect also are the following cases: Payne v. Reese, 100 Pa. 306; Sykes v. Packer, 99 Pa. 465; Allison Mfg. Co. v. McCormick, 118 Pa. 519; Lehigh Coal Co. v. Hayes, 128 Pa. 294.

A mere scintilla of evidence of a material fact does not justify a judge in leaving it to the jury : Whitaker v. Canal Co., 87 Pa. 34.

Nor can the plaintiff escape from the application of these principles by offering in evidence the contract between the city and the defendant wherein reference is made to the alleged liability of the contractor to be responsible for injuries to property in the construction of the work. That contract is purely between the city of Philadelphia and the defendant. The present plain-

tiffs are not even privies to it. The cases on the subject in Pennsylvania are numerous, and they are considered in an elaborate opinion by THAYER, P. J., which was affirmed on appeal to the Supreme Court in the case of Freeman v. Penna. R. Co., 173 Pa. 274.

*J. Campbell Lancaster*, with him *Wm. Henry Lex*, for appellees.—The judge held that it was necessary to prove negligence affirmatively, and that having been done he left the question fairly to the jury. In support of this argument this court is respectfully referred to a late decision of its own in Eardley v. Keeling & Ridge, 10 Pa. Superior Ct. 339.

To justify a verdict by direction, two conditions must concur: (1) The controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared: Menner v. Canal Co., 7 Pa. Superior Ct. 135.

OPINION BY RICE, P. J., January 17, 1900:

This action was brought to recover damages for injuries done to the plaintiff's house by blasting done by the defendant in the construction of a subway and a sewer in connection therewith in the street upon which the premises fronted. The injuries were caused by concussion, not by casting rock or earth upon the premises. This work was done under a contract with the city, which provided that the city should have supervision of the work, and that no blasting would be allowed unless the contractor first obtained a permit from the department of public safety through the director of the department of public works. The appellant's counsel says in his history of the case: "The contractor was obliged to submit to the city's supervision, and respect the orders of its officers." The entire contract is not printed in the paper-book, but this statement seems to be borne out by what was said by counsel when it was offered in evidence. Such being the case, it would seem that, if the contract was to go in evidence, it would not be wholly irrelevant for the plaintiff to show, in connection with it, what orders relative to the work in question were given to the defendant by the city through its proper officers, within the scope of its supervisory authority. It would also

seem that orders relative to the manner of blasting, and especially as to the size of the charges, would come under this head. Proof that he respected them would not be a conclusive answer to the charge of negligence, nor would proof of his disobedience of them establish the charge. But it was a relevant fact that he was there with the city's permission in the performance of a public work, and not as a mere wrongdoer. He would have had just reason to complain if proof of that fact had been excluded. It may not have been necessary for the plaintiff to prove it. He could have kept it in the background and made out his case without it. It was, however, reasonably to be expected that the question as to the defendant's rights would arise in the case. It did arise when the defense was put in; and it is not, ordinarily, ground for reversal that the plaintiff introduced evidence in chief that might have been reserved for rebuttal. The evidence embraced in the first and second assignments of error related to the question above suggested; it was offered in connection with the contract to show the conditions in which the defendant was placed, and was relevant to the issue for the same reason that the contract itself was relevant. The effect to be given to it is another question. We entirely agree with the appellant's counsel that the evidence was not competent for the purpose of showing, inferentially, the opinion of the chief engineer as to the methods that ought to be adopted in such work. If the defendant had reason to fear that the jury might give it the same effect as if the chief engineer had been called as a witness, and testified as an expert as to the propriety of the methods, doubtless the court would have given specific instructions confining the jury's consideration of the evidence within proper limits, if such instructions had been asked. But the record does not show affirmatively that it was offered or used for the purpose above suggested, and we are not convinced that it was not competent for any purpose.

The party offering evidence is bound, if requested, to state the purpose of it fully, and the party who objects must state his objection. If the purpose is not voluntarily stated, and the other party does not ask it to be stated, but objects to the offer generally, the general rule seems to be, that if the evidence offered is relevant and competent for any purpose, it is not re-

versible error to admit it. It has been said that this rule is necessary to prevent injustice both to court and parties: Cullum v. Wagstaff, 48 Pa. 300. Granting, even, that it is not an inflexible rule, there is no good reason for departing from it in the present case. The first and second assignments of error are overruled.

When the error assigned is the admission or rejection of evidence, the assignment must quote the full substance of the bill of exceptions or copy the bill in immediate connection with the assignment: Rule 22. The third assignment of error does not conform strictly to this rule. Moreover, upon examination of the bill of exceptions it appears that the specific objection to the question asked the witness was that he had shown no expert knowledge on the subject of blasting. He was then examined and cross-examined as to his qualifications, and after this was concluded the counsel said: "I object to the witness." This objection being overruled, the defendant excepted, and the witness gave the answer quoted in the assignment. So far as the record shows the objection that the question was not proper either in form or substance was not made on the trial, and the rule is, that "where a party opposing the admission of evidence enumerates his objections, all that are not enumerated are waived:" Messmore v. Morrison, 172 Pa. 300; Gorman v. Bigler, 8 Pa. Superior Ct. 440. See also Corkery v. O'Neill, 9 Pa. Superior Ct. 335. Thus viewed there was no error in the ruling.

We need not, however, put our decision upon either of the technical grounds mentioned. The assignment must be overruled for more substantial reasons. It is not claimed that the defendant would be liable under the pleadings if he was not negligent. Negligence is not to be inferred from the fact of injury and that alone. The defendant may be liable for such injury, but not in an action based on the allegation of negligence without other proof. Another point to be noticed is, that it is not alleged in the pleadings that it was negligence to displace the rock by blasting. The gravamen of the plaintiff's complaint, as set forth in his statement, was, that the blasting was done in a negligent, careless and unskilful manner. This was the question to be determined under the pleadings, and the testimony of the witness went directly to that point. He was

qualified by experience, knowledge of the subject and the conditions to express an opinion as to the effect of the proper and skilful use of explosives upon adjacent properties. It was, moreover, a case in which such testimony was admissible. The question put to the witness called for his opinion as to the "possibility" of making the excavation without damaging adjacent property to the extent described. It was a relevant preliminary inquiry, although it might not be the conclusive test of the defendant's liability. See Island Coal Co. v. Neal, 42 N. E. Rep. 953. But the witness did not stop with an affirmative answer to the question, but went on to say: "With the use of explosives there is no doubt in my mind that if explosives were confined within the proper limits and the work carefully carried on, that no damage should have resulted to buildings." Hence, although it be conceded that the question put to the witness was too broad, the answer given in response to it relative to the proper confinement of the explosives was clearly competent evidence upon the precise question the jury had to decide. The third assignment is overruled.

It would have been error to instruct the jury that there was no evidence of negligence on the part of the defendant. "When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care:" Shearman & Redfield on Negligence, secs. 59, 60, quoted with approval in Shafer v. Lacock, 168 Pa. 497. See also Sopherstein v. Bertels, 178 Pa. 401; Valentine v. Coburn, 10 Pa. Superior Ct. 453–457. As we have already shown in discussing the third assignment there was evidence which would bring the case within this principle, and there was in addition evidence that the concussions were extraordinary and that after the work had progressed the charges were reduced in size one half. It was not proved nor is it matter of common knowledge, that it is the usage of those in the business to use the same sized charge, to confine it in the same way, and to set off at one blast the same number of charges, without regard to the nature of the soil, the depth from the surface and the effect on adjacent buildings.

Blasting is, under the evidence in this case, an ordinary and usual mode of displacing rock in the prosecution of work of this kind. It was therefore not a negligent, although a dangerous, method. But, manifestly, the precaution that ought to be taken in the use of it must vary with the circumstances. From the nature of the case the care that would be required in deep mining where there is no danger to adjacent or overlying properties belonging to other persons is not the measure of care which ordinary prudence would dictate in excavations being made in the streets of a thickly populated city. It was for the jury to say, upon a view of all the evidence, whether the injuries to the plaintiff's property were the unavoidable consequence of the nonnegligent use of a lawful and usual method of tunneling, or were caused by an omission to take the precautions in the use of that method that in the circumstances ordinary prudence would dictate. See Eardley v. Keeling, 10 Pa. Superior Ct. 339. This question was submitted to the jury in a clear, impartial and adequate charge, and we find no cause for reversal in the admission of evidence.

Therefore, the judgment is affirmed.

