## Whitehouse *v.* Pittsburg Railways Company, Appellant (No. 1).

*Negligence—Street railways—Passenger—Defective hand rail.*

A woman incumbered with a baby, while getting off a car, took hold of a hand rail on the side of a car for the purpose of aiding herself in descending to the ground. While grabbing the hand rail, in some way and for some reason not entirely clear, her hand caught on the rail and she was suspended therefrom by something catching under a ring which she wore on the third finger of her hand, and so holding it that the flesh of that finger was torn off to the first joint, so that it was necessary to push the flesh back through the ring to return it to its proper place. One of plaintiff's witnesses testified that an inspector of the defendant said to him that there was a defect in the hand rail, a split or something, which caused the accident. This was denied by the inspector. Witnesses for the defendant testified as to the perfect condition of the hand rail after the accident, but they could not say on cross-examination whether the handle was of brass or wood, and they could not give the number of the car. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

When the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care.

Argued April 17, 1908. Appeal, No. 169, April T., 1908, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1904, No. 482, on verdict for plaintiff in case of Benjamin Whitehouse and Elizabeth Whitehouse v. Pittsburg Railways Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Don Rose,* with him *Clarence Burleigh, James C. Gray, William A. Challener* and *Craig Smith,* for appellant.—Where the injury is chargeable to the manner of construction of a car the rule does not apply if the accident is to the passenger and not the car: Farley v. Traction Co., 132 Pa. 58; Herstine v. Railroad Co., 151 Pa. 244; Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Dennis v. Railroad Co., 165 Pa. 624; Thomas v. Railroad Co., 148 Pa. 180; Howell v. Union Traction Co., 202 Pa. 338; Hayman v. Penna. Railroad Co., 118 Pa. 508; Fearn v. Ferry Co., 143 Pa. 122.

*J. S. McKelvy, Jr.,* with him *Langfitt & McIntosh,* for appellee.—The case was for the jury: Spear v. Railroad Co., 119 Pa. 61; Brooks v. Railway Co., 218 Pa. 1; Neslie v. Passenger Ry. Co., 113 Pa. 300; Devlin v. Beacon Light Co., 198 Pa. 583; Penna. R. R. Co. v. Weiss, 87 Pa. 447.

OPINION BY ORLADY, J., July 15, 1908:

This was an action of trespass brought by the plaintiffs against the Pittsburg Railways Company to recover damages for a personal injury sustained by the wife. The verdict returned by the jury was in favor of the husband, $393, and in favor of the wife for $107.

The wife was a passenger on the car of the defendant company, accompanied by her father and her mother-in-law. In attempting to get off the front end of the car, while in the act of stepping down incumbered by her year and eight months old babe, she took hold of the hand rail on the side of the car, for the purpose of aiding herself in descending to the ground. While grabbing the hand rail, in some way and for some reason not entirely clear, her hand caught on the rail and she was suspended therefrom by something catching under a ring which she wore on the third finger of her hand, and so holding it that the flesh of that finger was torn off to the first joint, so that it was necessary to push the flesh back through the ring to return it to its proper place.

The hand rail was described as an upright grab handle on the outside of the car, about one inch and a quarter in diameter, and it was intended to aid passengers in entering and leaving

the car, and must be treated as a necessary part of the car's equipment.

The plaintiff was corroborated, as to the material part of her testimony, by a number of witnesses, and that phase of the case is not questioned. The cause of the injury is not clearly explained by the plaintiff's witnesses further than through the testimony of Benjamin Whitehouse, Sr., who stated that an inspector of the defendant, who had examined the car, said to him that there was a defect in the hand rail, a split or something, which caused the accident. This statement was distinctly denied by the inspector, and the defense was purely one of fact, that the grab handle was perfect and that a prompt inspection subsequent to the injury did not evidence any defect whatever. The same witnesses, however, who testified as to the perfect condition of the grab handle could not say on cross-examination whether the handle on this car, which induced the plaintiff's injury, was of brass or of wood, and could not give the number of the car.

We held in Fisher v. Ruch, 12 Pa. Superior Ct. 240, that "When the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care:" Shearman and Redfield on Negligence, secs. 59 and 60, quoted with approval in Shafer v. Lacock, 168 Pa. 497. See also Sopherstein v. Bertels, 178 Pa. 401; Valentine v. Colburn Co., 10 Pa. Superior Ct. 453.

The occurrence of the accident and its character, could not be in dispute, under the testimony of the plaintiff and her witnesses. The explanation offered by the defendant made it purely a question of fact for the jury, and in the light of the uncertainty of its own witnesses, it is not surprising that their testimony was ignored. See also Matthews v. Pittsburg, etc., R. R. Co., 18 Pa. Superior Ct. 10; Lewin v. Pauli, 19 Pa. Superior Ct. 447; Farley v. Traction Co., 132 Pa. 58; Spear v. P. W. & B. R. R. Co., 119 Pa. 61; Brooks v. Phila. & Reading Ry. Co., 218 Pa. 1.

The plaintiff having shown a series of acts from which the inference of negligence on the part of the defendant arose, and having once arisen, it remained until overcome by countervailing proof, whether or not the witnesses for the defendant were entitled to belief, was necessarily a question for the jury: Devlin v. Beacon Light Co., 198 Pa. 583.

The question was fairly submitted to the jury in an adequate charge, and the judgment is affirmed.