## Hendley & Company *v.* Bittinger, Appellant. .

*Contracts—Individual trading as a company—Transfer of business—Liability for goods sold to business after transfer.*

1. Where an individual who has conducted a business under a firm or corporate name transfers the business to others, he must give public notice of his withdrawal, or personal notice thereof, to those who deal with his successors; otherwise he will be liable to all persons knowing his former ownership of the business, who extended credit to his successors without notice of his withdrawal, although such persons had not previously transacted business with him.

*Practice, C. P.—Statements of claim—Copies of contract—Book accounts—Harmless error.*

2. Where in an action against an ostensible partner for goods sold to the partnership it appeared that the goods sold consisted of coal concerning which there was a written contract, the fact that plaintiff had not attached a copy of the contract to his statement of claim but had sued upon a book account which set forth the amount of coal furnished, the prices thereof and the dates of delivery, is not ground for reversal, there being nothing to show that the contract was in any way material in establishing the claim, or in sustaining the defense.

Argued March 2, 1915. Appeal, No. 389, Jan. T., 1914, by defendant, from judgment of C. P. Adams Co., Jan. T., 1913, No. 35, on verdict for plaintiff in case of C. W. Hendley, trading as C. W. Hendley & Company, v. John R. Bittinger, trading as Bittinger Lime Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for coal sold and delivered. Before Swope, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,904.81 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were rulings on evidence and answers to points.

*Harry C. Niles* and *Chas. S. Duncan,* with them *Chas. E. Ehrhart,* for appellant.

*John D. Keith,* with him *C. J. Delone* and *William Hersh,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 19, 1915:

John R. Bittinger, the defendant, for a number of years prior to March 1, 1907, was engaged in the business of quarrying and burning limestone under the name of "Bittinger Lime Company." The plaintiff knew of his ownership of the business and unsuccessfully solicited business from him. On said date, the defendant leased his entire business and plant, consisting of real estate, machinery and personal property, to his two sons, E. M. Bittinger and L. L. Bittinger, who continued to conduct the business under the same name of "Bittinger Lime Company" with the knowledge of their father. The two sons had been employed by the defendant in and about the premises prior to the lease by their father to them. Notice of the transfer of the business from the father to the sons was not given to the general public. On May 31, 1907, and subsequently thereto, during that year, the plaintiff sold and delivered to the Bittinger Lime Company coal on which there was, on January 1, 1908, a balance due the plaintiff of $2,342.59, for which this action was brought. The above facts are not disputed, or are conclusively shown by the testimony.

Whether the plaintiff had notice of the transfer of

the property from the father to the sons by the lease was a disputed question of fact which the court submitted to the jury and was found in favor of the plaintiff. The court distinctly told the jury that if they found that the plaintiff's salesman had been notified of the transfer, as alleged by the defendant, the plaintiff could not recover. This was the controlling question in the case and having been properly submitted to the jury on competent evidence, the verdict and judgment thereof was conclusive of the plaintiff's right to recover. "It may be regarded as well settled," says STERRETT, J., in delivering the opinion in Clark v. Fletcher, 96 Pa. 416, 418, "that when an ostensible or known member of a copartnership retires therefrom, and wishes to shield himself from liability for future debts of the firm, it is necessary that personal notice of his withdrawal be given to all who have had dealings with the firm, and that notice be given, by publication or otherwise, to all others." No public notice of the transfer of the business by the defendant to his sons was given and the jury have found, on evidence warranting the finding, that no notice was given the plaintiff or his sales agent. The defendant was liable to all persons, knowing his former ownership of the business, who extended credit to the firm after the transfer of the business without public or personal notice of his withdrawal therefrom, although they had not transacted business with the firm. It follows, therefore, that, under the finding of the jury, the plaintiff was entitled to recover the amount of his claim.

The plaintiff's statement of claim averred the ultimate facts which, if established by the evidence, entitled him to recover. As observed above, it appeared that the defendant had prior to the lease owned and conducted the business as the "Bittinger Lime Company," that the plaintiff had knowledge of the fact, and that, as the jury found, the plaintiff had no knowledge of the change in the ownership of the business at the time he sold and delivered the coal to the defendant company.

The burden was then upon the defendant to show the transfer of the business to his sons, and that reasonable notice of his retirement had been given to the public, or personally to the plaintiff. This was a matter of defense and was not required to be set out in the plaintiff's statement. The transfer of the business was a fact within the knowledge of the defendant and of which the plaintiff when he instituted his action might have been entirely ignorant. As said by HENDERSON, J., in Drumgoole v. Lyle, 30 Pa. Superior Ct. 463, 467: "It is not necessary that the plaintiff anticipate the defense which may be set up and traverse it......The plaintiff may not, and is not bound to know what justification will be presented by the defendant." It is a general principle that a pleading need and should not, by its averments, anticipate a defense thereto, and negative or avoid it: 31 Cyc. 109.

While the plaintiff might have attached a copy of the contract to the statement, we do not regard the failure to do so as sufficient to warrant us in reversing the judgment on that ground. The defendant does not deny that the coal was sold and delivered to, and received by, the Bittinger Lime Company. This was admitted in the affidavit of defense. The action was on the book account which set out the amount of coal furnished on the different dates and the prices thereof. This gave the defendant full notice of the claim for which a recovery was sought. It is not alleged that the contract was material, in any way, in the disposition of the case, or that the price charged for the coal was not in accordance with it. It was not material in establishing the claim or in sustaining the defense set up by the defendant. If we were to reverse the case because a copy of the contract was not attached to the statement it would be on a mere technicality which affects neither the plaintiff nor the defendant in the disposition of the cause. This we should not do.

There is no merit in the contention that there is a

variance between the averments in the statement and the proof offered in support of them. Much of the evidence offered by the plaintiff in chief should have been offered in rebuttal, and this would have met the contention that the facts established by such evidence should have been averred in the statement. No objection was made to the order in which the evidence was offered, and it is not, ordinarily, ground for reversal that the plaintiff introduced evidence in chief that might have been reserved for rebuttal: Fisher v. Ruch, 12 Pa. Superior Ct. 240. The evidence offered by the plaintiff to prove that he knew that defendant was the owner of the business prior to the lease was admitted for that purpose and not to establish the fact of his ownership which was conceded.

We find no error in this record justifying a reversal of the judgment which is, therefore, affirmed.