## Stover v. Colonial Trust Company.

*Negligence—Personal injuries—Evidence.*

1. In the trial of a suit for damages for personal injuries sustained by plaintiff by partly falling through an unfastened grating in a pavement, it is not error to admit evidence of other similar prior accidents at the same place. Such evidence is competent as bearing upon the question of notice to the defendant of want of due care on the part of its employees in fastening the grating and of the dangerous character of the appliance when not properly fastened.

*Charge of the court—Instructions on the question of damages—New trial.*

2. A new trial will not be granted on the ground of the inadequacy of the charge of the court on the measure of damages, where there was no request for any particular instructions on that point, and it did not appear that injustice had been done or that the charge had been clearly erroneous.

*Verdict—Excessive verdict.*

3. The verdict of a jury finding the amount of damages sustained by the plaintiff in a personal injury case will not be revised by the court except where it appears to be plainly excessive. Where the evidence showed that the plaintiff injured his left side, leg and arm, and was bruised in a variety of ways, a verdict for $1500 cannot be said to have been so excessive as to warrant the court in reducing it.

Rule for new trial. C. P. Berks Co., May T., 1921, No. 16.

*Harvey F. Heinly*, for plaintiff.

*Harry F. Kantner* and *Ellwood H. Deysher*, for defendant and rule.

ENDLICH, P. J., Feb. 6, 1922.—The undisputed facts of this case may be briefly stated. The defendant corporation is the owner of premises on the northwest corner of Fifth and Penn Streets, Reading, Pa., and was such owner on April 10, 1920. It maintained under the pavement on the Penn Street side of its property a coal vault, the intake of which from the pavement was covered by a circular grate, which was equipped with a device underneath that held it in place securely when properly fastened. On the date mentioned, the plaintiff, walking over the pavement, stepped on the grate, which was not fastened at all, but tilted, thereby partly throwing plaintiff down through the hole, injuring his left side, leg and arm, and bruising him in a variety of ways. The verdict was for the plaintiff for $1500. The defendant is asking for a new trial, alleging three grounds: (1) Error in the admission of certain evidence offered by plaintiff and objected to by defendant at the trial; (2) inadequacy of the charge on the measure of damages; and (3) excessiveness of the damages allowed by the jury.

1. The plaintiff undertook to show by a police officer of the City of Reading that there had been other similar accidents at this particular place and grate previous to the one here in question. There was a general objection to this offer, which was overruled by the court and the testimony was admitted. (As to the effect of such objection, see House Wrecking Co. *v.* Nolen, 252 Pa. 443; Fisher *v.* Ruch, 12 Pa. Superior Ct. 240.) If only as bearing upon the question of notice to the defendant of the want of due care on the part of its employees about fastening the grate, and of the dangerous character of the appliance when not properly fastened, the evidence seems plainly admissible under such decisions as Sopherstein *v.* Bertels, 178 Pa. 401; Posey *v.* National Bank, 243 Pa. 568.

2. There was no request for any particular instructions to the jury by the court on the question of damages. The instruction that was given was brief, but seems substantially like that which was held not reversible error in

Leonard v. Railroad Co., 259 Pa. 51. It was not at all like the charge in Todd v. Traction Co., 192 Pa. 587, which was held to be insufficient. It is not to be overlooked that, as pointed out by the Supreme Court in Tucker v. C. & F. Co., 218 Pa. 323, 326, in order to set aside a judgment because of the inadequacy of any part of the charge, it should appear that "an injustice had been done the parties or the charge of the court had been clearly erroneous"— neither of which is here apparent or asserted.

3. On the question of defendant's negligence and liability therefor, it is enough to refer to Strohm v. Haverstick, 44 Pa. Superior Ct. 166, 169, 170. As concerns the *quantum* of the verdict, it must be remembered that a plaintiff has a constitutional right to have his damages assessed by a jury (Bradwell v. Railway Co., 139 Pa. 404; Lehr v. Brodbeck, 192 Pa. 535), which right cannot be controlled by the court's power to revise the *quantum* of a verdict, except in a case where it is "plainly excessive:" Hogan v. West Mahanoy Township, 174 Pa. 352, 354. In this case there was evidence which the jury was at liberty to accept, and upon the basis of which a verdict measured according to the approved formula (see Goodhart v. Railroad Co., 177 Pa. 1), and yet considerably larger than that rendered, would not have been "plainly excessive."

We see no justification for interfering with this verdict.

The rule to show cause is discharged.

From Wellington M. Bertolet, Reading, Pa.