## Adoniram Judson Thomas *v.* The New York, Chicago and St. Louis Railroad Company, Appellant.

*Negligence—Fires by sparks from locomotives—Province of court and jury —Evidence.*

In an action against a railroad company to recover damages caused by fire set by sparks from a locomotive, the case is for the jury where the evidence for the plaintiff tends to show that the sparks which caused the fire were emitted from a particular locomotive; that the same engine, on the same day, and within a distance of three miles, set eleven other fires on farms adjoining or crossed by the railroad; that some of these fires were set by sparks thrown from three to four rods beyond the right of way, and that an engine provided with an improved spark arrester will not throw sparks that distance so as to cause fires.

In an action to recover damages for injuries caused by the emission of sparks from a locomotive, it is proper to admit evidence to show that other fires were set by the same engine on the same day.

Argued April 26, 1897. Appeal, No. 61, Jan. T., 1897, by defendant, from judgment of C. P. Erie Co., May T., 1894, No. 42, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Trespass for injuries caused by the emission of sparks from a locomotive. Before GUNNISON, P. J.

The facts are shown by the opinion of the Supreme Court.

At the trial plaintiff's counsel offered to show that the engine that set this fire set at least a dozen other fires in the space of three miles. This for the purpose of showing negligence on the part of the defendant. Objected to.

Objections overruled and bill sealed. [1, 2].

Defendant's points and answers thereto among others were as follows:

2. Under all the evidence in the case the verdict should be in favor of the defendant. *Answer:* That point is refused. It is for the jury to determine. If it was not negligent the verdict should be for the defendant, and if it was negligent it should be for the plaintiff. [5]

3. The bare fact that dry grass and stubble along the line of defendant's railway were ignited at several different points in

the immediate vicinity of, and upon, the land of the plaintiff, was not of itself evidence of negligence upon the part of the defendant. *Answer:* That is affirmed. The bare fact that dry grass and stubble along the line of defendant's railway were ignited at several different points in the immediate vicinity of, and upon, the land of the plaintiff would not of itself be evidence of negligence on the part of the defendant. But if the jury find that, upon October 12, 1893, a large number of fires were started by sparks from the same engine, upon the same trip, some of which were an unusual distance from the track of the defendant's line of railway, and that the sparks were of a size too large for passage through the spark arrester when it was in perfect condition, that would be evidence of negligence on the part of the defendant upon that occasion, and of the condition of the spark arrester upon that particular engine. [6]

7. It was the duty of the plaintiff, owning the land abutting the right of way of the defendant company, to remove the dry grass or other inflammable substances so that no fire could be caused by sparks from a locomotive passing on the track of the defendant company; and if the jury find from the evidence that he has neglected to do this and that the damage complained of was caused by a fire started by sparks emitted from the stack of one of defendant company's locomotives which had in it a spark arrester of approved pattern and material, in good repair, then, and in that case, the plaintiff cannot recover, and your verdict should be in favor of the defendant. *Answer:* There is no evidence in the case of any contributory negligence on the part of the plaintiff. [7]

Verdict and judgment for $1,725. Defendant appealed.

*Errors assigned* among others were (1, 2) rulings on evidence, quoting the bill of exceptions; (5–7) above instructions, quoting them.

*J. M. Sherwin* and *S. A. Davenport*, for appellant.—It has been well established that the mere setting of fires by a locomotive along the line of a railroad is not of itself evidence of negligence: Jennings v. Penna. R. Co., 93 Pa. 337; Reading & Columbia R. R. v. Latshaw, 93 Pa. 449; Ruffner v. C. H. & D. R. R., 34 Ohio, 96.

All authorities agree that no appliance in use prevents fires; that the railroad company is not an insurer, and is only bound to exercise reasonable care, which it did in this case, by its standard appliances and its careful inspection: Frankford & Bristol Turnpike Co. v. Phila. & Trenton R. R., 54 Pa. 345; Erie Ry. v. Decker, 78 Pa. 293; Phila. & Reading R. R. v. Schultz, 93 Pa. 341.

Defendant contends that where the exact engine is known by the plaintiff he is required to produce more positive proof of negligence than where he is unable to designate the locomotive emitting the sparks: Henderson v. Phila. & Reading R. R., 144 Pa. 461; Albert v. Northern Cent. R. R., 98 Pa. 316; Penna. R. Co. v. Stranahan, 79 Pa. 405; Flinn v. New York Central & H. R. R. R., 142 N. Y. 11.

The mere fact that it was not convenient for the plaintiff to offer positive evidence of the alleged improper condition of the spark arrester is no reason why he should not have done so: 1 Weimer, Penn. R. R. Law, 706; R. R. v. Yeiser, 8 Pa. 377; Phila. & Reading R. R. v. Yerger, 73 Pa. 122; Toomey v. Ry. Co., 3 C. B. N. S. 146; Ryder v. Wombwell, 4 Law Rep. Eq. Cases, 32; Howard Express Co. v. Wile, 64 Pa. 201; Baker v. Fehr, 97 Pa. 73; N. Y., C. & St. L. R. R. v. Baltz, 141 Indiana, 666.

Where a landowner has notice or knowledge that his property has been set on fire by sparks from a passing train, he must use all reasonable exertions to extinguish the fire: Ill. etc. R. R. v. McCelland, 42 Ill. 355; Kellogg v. Chicago, etc. Ry., 26 Wis. 223; McNarra v. Chicago, etc. Ry., 41 Wis. 69; Toledo, etc. R. R. v. Pindar, 53 Ill. 447; St. Louis, etc. Ry. Co. v. Hecht, 38 Ark. 357; Stebbins v. Cent. Vt. R. R. Co., 54 Vt. 464; Doggett v. Richmond & Danville R. R., 78 N. C. 305; Chicago, etc. R. R. v. Pennell, 94 Ill. 448; Small v. Chicago, etc. R. R., 50 Iowa, 338; Wabash Ry. v. Johnson, 96 Ind. 40; Ward v. Milwaukee Ry., 29 Wis. 144; Bryan v. Fowler, 70 N. C. 596; Haverly v. State Line, etc. R. R., 135 Pa. 50.

*Theodore A. Lamb*, with him *J. C. Thomas*, for appellee.— Testimony tending to show that other fires were set by the same engine about the same time is the proper rule, and is undoubtedly competent: Henderson v. R. R., 144 Pa. 461.

The case is for the jury notwithstanding defendant's evidence may be to the effect that the offending engine had a good spark arrester: Van Steuben v. Cent. R. R., 178 Pa. 367 ; Huyett v. R. R., 23 Pa. 373 ; R. R. v. Watson, 81* Pa. 293 ; R. R. v. McKeen, 90 Pa. 122.

Farmers may cultivate and use their farms and improvements as is customary among farmers and are not bound to exercise unusual means to guard against the negligence of railroad companies: R. R. v. Hendrickson, 80 Pa. 182.

It is not contributory negligence for the owner of land along the line of a railroad to allow the accumulation of leaves, etc., on his property: R. R. v. Schultz, 93 Pa. 341.

OPINION BY MR. JUSTICE MCCOLLUM, Oct. 11, 1897 :

The plaintiff was the owner of a farm in Springfield township, Erie county, consisting of about sixty acres of improved land and about eighty acres of timber land.   The defendant located and constructed its road across the improved land and from twenty to forty rods from the timber.   On October 12, 1893, a fire was set in a field of the farm near the railroad by a spark or sparks from the defendant's locomotive.   The fire rapidly spread over the field and into the timber, destroying a considerable portion of the latter and otherwise damaging the farm. For the damage done to the farm by fire this suit was brought and it resulted, on the trial of it in the court below, in a verdict for the plaintiff.   It is now before us on appeal from the judgment entered in it.

While it was not denied on the argument at bar or in the paper-book that the fire was set as above stated, it was strenuously contended that it was not caused or contributed to by any act or omission of the defendant.   In support of this contention evidence was introduced to show that engine 73, from which the sparks were thrown, was provided with an approved spark arrester, which was in good condition on the day the fire was set.   The witnesses who testified to this effect were Lilly, whose duty it was to inspect the spark arresters in the smoke-stacks of the locomotives, and Shurtz, who on the day of the fire was fireman on 73.   Lilly testified that he inspected the spark arrester on 73 on the day of, and the day after, the fire, and found it all right.   His testimony, however, was not based on his recollec-

tion of the inspection but on the entries in the book in which he noted them, which entries were " 73 ditto." Shurtz testified that he did not examine the spark arrester on 73 on the day of the fire, but that he saw nothing which led him to think it was defective. This was the nature and scope of the testimony presented by the defendant as a sufficient answer to the evidence introduced by the plaintiff to show that the fire was caused by the negligence of the former.

It was shown by the evidence submitted by the plaintiff and bearing on the question of negligence, that the fire was set in his field adjoining the defendant's right of way, by sparks from engine 73; that the same engine, on the same day, and within a distance of three miles, set eleven other fires on farms adjoining or crossed by the railroad, and that some of these fires were set by sparks thrown from three to four rods beyond the right of way. All of these fires were set about one o'clock in the afternoon. Alvin VanGorder testified that he was about eighty rods from the railroad track when the second freight train passed; that the engine (73) hauling it appeared to be laboring hard, and was pouring out smoke and fire; that he saw sparks flying from it, but could not tell, from where he stood, how large they were. He also testified that very soon after the train went east he saw three fires on lands adjoining the railroad, two on Allen's land and one on Shear's land. He was then standing about three quarters of a mile from the west line of the plaintiff's farm. Loren Whitney testified that he was about a third of a mile from the railroad when the second freight passed, and that he saw black smoke and a blaze issuing from the engine, and soon after it passed he saw four fires on lands adjacent to the road, one of them being on the land of the plaintiff. It is proper to state in this connection that the testimony of the defendant's engineers clearly supports the view that an engine provided with an approved spark arrester and properly run will not set fires upon lands outside of the right of way, as the evidence we have referred to shows that 73 did. We are clearly satisfied that upon all the evidence in the case the question of the defendant's negligence was for the jury : Van Steuben v. Central R. R., 178 Pa. 367, and cases cited therein.

It remains to inquire whether the court below erred in its rulings upon offers of evidence or in its instructions to the jury.

The first and second assignments relate to the admission of evidence of the fires set by engine 73 on the same day the fire was set on the land of the plaintiff. The question raised by these assignments does not require discussion. It has been considered and passed upon in numerous decisions of this court. The rulings to which the assignments relate are in accord with those decisions. It is sufficient to refer to the following cases for the law on this point: Huyett v. Phila. & Reading R. R. Co., 23 Pa. 373, Phila. & Reading R. R. Co. v. Schultz, 93 Pa. 341, and Henderson v. R. R. Co., 144 Pa. 461. The third assignment is without merit, because the objection to the question embraced in it was practically withdrawn by the plaintiff and the defendant was allowed to introduce all the evidence on the subject to which the question referred, that it desired to. There was no evidence in the case of any contributory negligence on the part of the plaintiff, and the court was clearly right in saying so in answer to the defendant's sixth point. See R. R. Co. v. Hendrickson, 80 Pa. 182, and R. R. Co. v. Schultz, supra.

We have carefully examined and considered the charge, and are satisfied that it furnishes no ground for reversing the judgment. The assignments are not sustained.

Judgment affirmed.