# Matthews v. Pittsburg & Lake Erie Railroad Company, Appellant.

*Railroads—Negligence—Fire from sparks—Evidence.*

In an action against a railroad company to recover damages for loss resulting from a fire alleged to have been caused by sparks escaping from a locomotive, the burden is on the plaintiff to prove negligence on the part of the defendant, and if the evidence is so conflicting as to be irreconcilable, the case is for the jury to determine by the fair weight of the evidence.

If the evidence for the plaintiff tends to show that the sparks which caused the fire were emitted from a particular locomotive, the case should be submitted to the jury notwithstanding the testimony that the engine was provided with a sufficient spark arrester.

In case of loss by fire fairly attributable to sparks from a railroad company's locomotive, the absence of a spark arrester is prima facie evidence of negligence on the part of the company.

When the thing which causes the injury is shown to be under the man-

agement of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care, and whether under the disputed facts, the explanation offered by the defendants is satisfactory or not, is for the jury and not for the court.

Argued May 17, 1901.   Appeal, No. 63, April T., 1901, by defendant, from judgment of C. P. Lawrence Co., June T., 1898, No. 83, on verdict for plaintiff in case of Thomas Matthews v. The Pittsburg & Lake Erie Railroad Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for the loss of a barn by fire alleged to have been caused by sparks from a locomotive.   Before MILLER, P. J., specially presiding.

At the trial it appeared that on September 18, 1897, plaintiff's barn with its contents was destroyed by fire.   The evidence offered on behalf of plaintiff tended to show that the fire was caused by sparks emitted by a particular engine.   The evidence was highly contradictory in character.

Plaintiff presented these points:

1. That railroad companies are bound to temper their care according to the circumstances of danger, and exert more care when the property of others is in danger than when it is not, and their evidence will be tried by this rule.   *Answer:* Affirmed. [1]

5. The emission of sparks or cinders of unusual size from the smokestack of a locomotive, while in operation hauling a train of cars, is of itself evidence of an improper and imperfect condition of the engine and spark arrester, or of its improper management by those in control of it.   And if the evidence shows that such cinders or sparks were carried a considerable distance beyond the company's right of way it may fairly be inferred that the sparks or cinders met with a slight resistance in escaping from the smokestack of the engine, and that the appliance for arresting the sparks or cinders were either not of the most approved pattern or were not in proper condition. *Answer :* That request is refused.   It asks us to find certain conclusions of facts, which is wholly the province of the jury. [2]

Defendant's point was as follows :

1. From all the evidence in this case t..ere is not sufficient to warrant the jury in finding a verdict for the plaintiff and the jury should, therefore, find a verdict for the defendant. *Answer :* Refused.    That is we submit the question to you, whether from all the evidence your verdict shall be for the plaintiff or the defendant. [3]

Verdict and judgment for plaintiff for $1,191.83.    Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*D. B. Kurtz,* with him *L. T. Kurtz,* for appellant.—The firing of one's woods several times by sparks from the engines of the company is not in itself evidence from which negligence in managing the fires of the engines can be inferred, and it is error to leave it to the jury : Phila. & Reading Railroad Co. v. Yeiser, 8 Pa. 366 ; Hamilton v. Pittsburg, Bessemer, etc., R. R. Co., 190 Pa. 51.

If the construction of the stack was that which was best adapted in known practical use, the duty of the company was performed : Frankford & Bristol Turnpike Co. v. Phila. & Trenton R. R. Co., 54 Pa. 345 ; Albert v. Northern Cent. Ry., 98 Pa. 316 ; Phila. & Reading R. R. Co. v. Yerger, 73 Pa. 121 ; Erie Ry. Co. v. Decker, 78 Pa. 293.

The owner of property near a railroad must take all risks of a proper and careful use of the road : Phila. & Read. R. R. Co. v. Hendrickson, 80 Pa. 182.

In the absence of evidence to show that the locomotive from which fences, hay and grass caught fire was improperly constructed and had not an approved spark arrester, the court was right in directing the jury to find a verdict for the defendant in an action to recover damages for the loss thereby occasioned.

It cannot be held that the fact that the fire thus took place is prima facie evidence that the spark arrester was defective, and that therefore the case should be submitted to the jury : Jennings v. Penna. R. R. Co., 93 Pa. 337 ; Read. & Col. R. R. Co. v. Latshaw, 93 Pa. 449 ; Taylor v. Penna. Schuylkill Valley R. R. Co., 174 Pa. 171 ; Henderson v. Phila. & Reading R. R. Co., 144 Pa. 461 ; Goshorn v. Smith, 92 Pa. 435 ; Phila. &

Read. R. R. Co. v. Schultz, 93 Pa. 341; Parks v. Ross, 11 Howard
(U. S.), 362; Schuchardt v. Allens, 1 Wallace (U. S.), 359;
Douglas v. Mitchells, 35 Pa. 446; Randall v. B. & O. R. R.
Co., 109 U. S. 478, 482; Pleasants v. Fant, 22 Wallace (U. S.),
116, 120–122; Herbert v. Butler, 97 U. S. 319; Bowditch v. Bos-
ton, 101 U. S. 18; Welsh v. Erie & Wyom. Val. R. R. Co.,
181 Pa. 461, 464; Phila. City Pass. Ry. Co. v. Henrice, 92 Pa.
431, 434.

*John G. McConahy*, with him *B. A. Winternitz*, for appellee.
—Railroad companies are bound to temper their care according
to the circumstances of danger, and exert more care when the
property of others is in danger than when it is not and their
evidence will be tried by this rule: 1 Weimer's Railroad Law,
p. 706; Huyett v. Philadelphia & Reading R. R. Co., 23 Pa.
373.

Where there is evidence on the part of the plaintiff that the
sparks emitted from the engine on the day of the fire were of
unusual size, the question of negligence is one of fact and prop-
erly left to the jury, even though the defendant gave evidence
to show, that the engine was supplied with the most approved
spark arrester; and in such case the court will properly refuse
a request to charge the jury that there was no proof of any
want of care in the working of the engine: Lehigh Valley R. R.
Co. v. McKeen, 90 Pa. 122; Huyett v. Phila. & Reading R. R.
Co., 23 Pa. 373; Van Steuben v. Central R. R. Co., 178 Pa.
367; 185 Pa. 293; Penna. R. R. Co. v. Hope, 80 Pa. 373; Penna.
Co., operating C. &. P. R. R. Co. v. Watson, 81* Pa. 293;
Phila. & Reading R. R. Co. v. Schultz, 93 Pa. 341; Penna. &
N. Y. Canal & R. R. Co. v. Lacey, 89 Pa. 458.

A jury, of course, cannot be permitted, arbitrarily and without
evidence to find negligence, but if there is evidence from which
negligence may be fairly inferred, it must go to the jury, no mat-
ter how strong or persuasive may be the countervailing proof:
Howard Express Co. v. Wile, 64 Pa. 201; Citizens' Passenger
Railway Co. v. Foxley, 107 Pa. 537.

There was sufficient evidence to charge the defendant with
negligence. "When a presumption of negligence has once
arisen, either as matter of law, as in the cases of injury to a
passenger in charge of a common carrier, or from affirmative evi-

dence of acts of commission or omission, it remains until overcome by countervailing proof, and whether it is overcome is a question of fact for the jury: " Spear v. P. W. & B. R. R. Co., 119 Pa. 61 ; McCafferty v. Penna. R. R. Co., 193 Pa. 339 ; Kane v. Philadelphia, 196 Pa. 502; Burger v. Philadelphia, 196 Pa. 41 ; Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407.

OPINION BY ORLADY, J., July 25, 1901 :

The plaintiff brought this action of trespass to recover damages for injuries caused, as he alleged, by a locomotive of the defendant discharging sparks or cinders in large numbers and of unusual size which set fire to and totally destroyed certain of his property.   The defendant called a number of witnesses to show, not only the want of probability of the facts testified to by plaintiff's witnesses, but of the impossibility of sparks of the size stated being thrown from the engine and of their being carried the distance mentioned.   A model of the engine was exhibited to the jury with a section of the spark guard or arrester in use at the time of the fire, which showed that it was composed of No. 8 wire netting and had two and one half to three meshes to the inch so as to make uniform interstices of three sixteenths of an inch in size, and that it was the latest approved and best designed appliance in use.   If the defendant's witnesses were believed by the jury there was a complete answer to the plaintiff's case.

The court instructed the jury as follows: " The defendant is only responsible for such loss as occurred through its negligence and the burden is on the plaintiff to prove the alleged negligence.   That is, if you find from the evidence that the barn in question was burned by sparks emitted from the locomotive in question that would not be sufficient.   If there was no negligence, no mismanagement, no carelessness on the part of the railroad company, it would make no difference whether the barn was burned or not, . . . . to make the railroad company liable in this suit the burden is on the plaintiff to prove that the fire was communicated by the locomotive of the defendant company, and further prove that there was negligence in the construction or management of the locomotive.   The mere fact that the barn took fire and burned up is not of itself evidence that the spark arrester was defective." The testi-

mony was as contradictory as language could make it. If that of the plaintiff be true the spark arrester was deficient in construction or was not in good repair. If that of the defendant be true it was a physical impossibility for live sparks of the size stated to be forced through a three-sixteenths inch mesh. The evidence in relation to the important facts was so conflicting and was stated with such minuteness and tenacious confidence that it was necessary for the jury to reconcile it if possible, and if that could not be done then to arrive at a verdict by the fair weight of the testimony. In Huyett v. Philadelphia & Reading R. R. Co., 23 Pa. 373, the question was, What is sufficient evidence of carelessness on the part of a railroad company in case of a fire occasioned by sparks from an engine? The Supreme Court says, " How is it possible for the court to say, as a matter of law, how many sparks, or how many fires caused by them, it takes to prove carelessness? How can the law declare, except as a deduction from facts found, what are sufficient spark catchers. . . . They are bound to temper their care according to the circumstances of danger, 20 Pa. 171, and exert more care when the property of others is in danger than when it is not; and their evidence will be tried by this rule.

If the evidence tends to show that the sparks which caused the fire were emitted from a particular locomotive, the case should be submitted to the jury notwithstanding the testimony that the engine was provided with a sufficient spark arrester: Phila. & Reading R. R. Co. v. Hendrickson, 80 Pa. 182; Penna. Company v. Watson, 81* Pa. 293; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122; Henderson v. Phila. & Reading R. R. Co., 144 Pa. 461; Van Steuben v. Central R. R. Co., 178 Pa. 367; s. c., 185 Pa. 293; Thomas v. N. Y., etc., R. R. Co., 182 Pa. 538.

Our Supreme Court held in Henderson v. Railroad Company, supra, " It is the duty of the railroad company, in the use of an engine, to use such reasonable precaution as may prevent damage to the property of others, hence in Lackawanna, etc., R. R. Co. v. Doak, 52 Pa. 379, where although there was no direct evidence that the building was fired by the engine, or that sparks were emitted from it at the time, yet the building was near the railroad and was discovered to be on fire when the train passed, and it was shown that the engine had no spark arrester, it was

held that the question of negligence was properly submitted to the jury.    The effect of this ruling was to establish the principle in Pennsylvania that in case of loss by fire, fairly attributable to sparks from a railroad company's locomotive engine, the absence of a spark arrester is prima facie evidence of negligence on the part of the company."

The defendant concedes that it is its duty to adopt the most improved and efficient appliances as a precaution against danger in general use, and to avail itself of every such known safeguard.    On this theory it made its defense to the plaintiff's claim.

The plaintiff's property was undoubtedly destroyed by fire, the source of which was, on plaintiff's evidence, so directly to be traced to the defendant's locomotive that it was proper to submit it to a jury to determine the question.    The plaintiff's wife testified in substance, that she was standing on the porch of her house, but a short distance from the barn, and saw the particular engine pass, that it was going at a great rate and was throwing out great volumes of smoke ; that it made a real cloud over the house as it passed ; that in the smoke were great large particles of burnt cinders as large as a finger end ; they fell all round the porch ; she gathered up some of them near the road and barn and called Dr. Linville's attention to them ; the smoke had just cleared away when she saw the fire in the barnyard, and when she got to the barnyard the fire wasn't any larger in the straw than a bucket.    She tried to put it out but could not as the wind was so great, and there was no fire between that and the railroad track.    This eyewitness was corroborated by Dr. Linville and several others in that there was a high wind blowing in the direction of the barn, that the engine emitted a large volume of smoke, that cinders—some being three fourths of an inch in size—were picked up around the barn, that the fire started in the straw immediately after the engine passed, and that similar cinders had been carried an equal distance from engines on the same road and set fire to leaves near the barn.

Negligence is the gist of the action and in determining this we cannot consider the veracity of the witnesses, the conflict in their testimony, or the weight of the evidence ; these are matters exclusively for the jury, with which we have nothing to do, as has been decided in many cases.    It is sufficient in

this case to say that there was evidence from which a jury might infer that there was an absence of that watchful care either on the part of the company or of its employees which ought to have been exercised under all the circumstances. " When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care (Shearman & Redfield on Negligence, secs. 59, 60, quoted with approval in Shafer v. Lacock, 168 Pa. 497.   See also Sopherstein v. Bertels, 178 Pa. 401, Valentine v. Coburn, 10 Pa. Superior Ct. 453," and Fisher v. Ruch, 12 Pa. Superior Ct. 240), and whether, under the disputed facts, the explanation offered by the defendants is satisfactory or not is for the jury and not for the court.

The mere fact that sparks were emitted or that a fire was caused thereby was not sufficient to make the company liable, but these facts coupled with the additional ones shown by the plaintiff's witnesses made it a proper case for a jury. " While the burden of proof is on the plaintiff in such cases, it is not required that the fact be established by direct or positive proof ; like any other fact, it may be established by circumstantial evidence; and, on account of the great difficulty in proving negligence in such cases, any proper evidence from which negligence may be inferred is sufficient to throw the burden on the defendant. . . . There may be no direct proofs of negligence, yet the way in which an injury is done may be such that negligence is the most probable hypothesis by which it can be explained ; and when this is so the defendant must disprove negligence by showing that he exercised care : " Henderson v. Railroad Co., supra.

Under all the plaintiff's evidence there was a prima facie presumption of negligence which, having once arisen, remained until overcome by countervailing proof.   Whether it was so overcome was a question of fact for the jury: McCafferty v. Penna. R. R. Co., 193 Pa. 339; Kane v. Philadelphia, 196 Pa. 502 ; Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407.

The assignments of error are not sustained and the judgment is affirmed.