# Emig v. Northern Central Railway Company, Appellant.

*Railroads—Negligence—Sparks—Evidence—Case for jury.*

1. In an action against a railroad company to recover damages for the destruction of a building by fire alleged to have been started by sparks, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence tends to show that the building stood within four feet of the defendants' track; that the fire was not started from the inside of the building; that after a particular engine had passed, smoke and fire were observed among the shingles; that although this engine was properly equipped with a spark arrester, it gave out sparks of an unusual size which were thrown to a considerable distance and at the time the fire was first observed the wheels of the engine slipped and swung around; and that the same engine had at other times not long past thrown out volumes of sparks and hot cinders.

2. Fire from sparks may be shown by circumstantial evidence, and it is not imperatively necessary for the owner of the building burned to produce a witness who actually saw the inception of the fire.

Argued March 17, 1910. Appeal, No. 22, March T., 1910, by defendant, from judgment of C. P. York Co., Aug. T., 1908, No. 72, on verdict for plaintiff in case of Mary J. Emig and Belle L. Emig for the use of the Spring

Garden Mutual Fire Insurance Company v. The Northern Central Railway Company. Before Rice, P. J., Henderson, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Trespass to recover damages for destruction of a building by fire. Before Warner, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,318.81. Defendant appealed.

*Error assigned* was various rulings on evidence and instructions.

*Richard E. Cochran,* with him *Smyser Williams,* for appellant.—The mere fact that the fire was caused by sparks which were thrown from a locomotive was not evidence of negligence, nor any ground for an inference or presumption to a jury that the burning was caused by negligence on the part of the railroad company, or any of its servants. This principle was decided in a long line of cases in Pennsylvania, among which are: Albert v. Ry. Co., 98 Pa. 316; Henderson v. R. R. Co., 144 Pa. 461; R. R. Co. v. Schultz, 93 Pa. 341; Ry. Co. v. Decker, 78 Pa. 293; R. R. Co. v. Yerger, 73 Pa. 121; Keiser v. R. R. Co., 212 Pa. 409; Winterbottom v. R. R. Co., 217 Pa. 574; Ott v. Boggs, 219 Pa. 614.

*Allen C. Wiest,* with him *J. W. Gitt, Jr.,* for appellee.— The case was for the jury: Henderson v. R. R. Co., 144 Pa. 461; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122; Philadelphia, etc., R. R. Co. v. Shultz, 93 Pa. 341; Van Steuben v. Central R. R. Co., 178 Pa. 367; Hancock Ice Co. v. R. R. Co., 224 Pa. 74; McCully v. Clarke, 40 Pa. 399; McMahen v. White, 30 Pa. Superior Ct. 169; Huyett v. R. R. Co., 23 Pa. 373; Matthews v. R. R. Co., 18 Pa. Superior Ct. 10; Frankfort, etc., Turnpike Co. v. R. R. Co., 54 Pa. 345; Byers v. B. & O. R. R. Co;, 222 Pa. 547.

OPINION BY ORLADY, J., July 20, 1910:

The legal plaintiffs owned a frame store building which was located within four feet of a siding of the defendant's railroad, and which, with its contents, was totally destroyed by a fire, alleged to have been started by the careless and negligent operation and management of an engine on the railroad siding. The use plaintiff paid the owners of the building the sum of $1,200, which it conceded to be due in satisfaction of a policy of insurance issued by it to the owners of the property. It was held by them at the time of the fire, and the use plaintiff was then subrogated to their rights as against any party who caused the destruction of the property by the fire. This action was then instituted, and on the trial below a verdict of $1,318.81 was recovered by the use plaintiff.

A series of facts were developed on the trial from which the inference of negligence on the part of the defendant arose, and which were of sufficient weight to carry the case to the jury. Having once arisen, the inference remained until overcome by countervailing proof; whether so overcome was a question of fact which the court could not determine: Devlin v. Beacon Light Company, 198 Pa. 583; Whaley v. Citizens' National Bank, 28 Pa. Superior Ct. 531. There was but one fact in serious dispute on the trial, to wit, the manner in which the defendant's engineer operated the engine. It was testified positively by the plaintiff's witnesses, and not contradicted in any way that the fire did not start on the inside of the building, there having been no stove in it or fire of any kind to communicate to the roof; that there were no electric wires at the place where the fire was first located; that within a few minutes after engine No. 4,005 passed the property, smoke and fire were observed among the shingles on the roof of the building, and that the fire which started at that point, continued until the whole structure was consumed. While it was conceded in the plaintiff's proof that this engine was properly equipped with a spark arrester of the latest design and most approved pattern, and such a one as was

generally in use on the larger railroads of the country, and further that it was not possible to place upon an engine a spark arrester which would entirely prevent the emission of sparks from its smokestack, for the reason that such an appliance would destroy the efficiency of the engine; yet, it was urged, and supported by proof of a degree that satisfied the jury of its being reasonable and true, and sufficient to establish the fact that this engine at the time the fire was started was operated in such a negligent manner as to cause this fire, despite the safeguards which had been provided by the railroad company. It was clearly shown that live or hot sparks in considerable quantities and of large size were thrown from the smokestack, some of them being described as being as thick as a man's finger or thumb, or a half inch square; and which were forced at times twenty feet above the smokestack as the engine passed; that at the time the fire was first observed the wheels of the engine slipped and spun round, and it was contended that these conditions were caused by the engineer misusing and negligently operating the engine. Whether a spark or piece of hot, coked coal of the size described by these witnesses could be forced through a spark arrester or screen with a three-sixteenths inch mesh was a fact to be considered and disposed of by the jury. Such a result was manifestly impossible unless the semifused coal, under the influence of a great draft was forced through the interstices of the mesh, and then suddenly expanded when exposed to the lower temperature of the outside air. This explanation as urged was doubtless adopted by the jury under their common experience and knowledge as men in dealing with the laws of nature. It was further shown that this particular engine had been so managed by the engineer that on other occasions, reasonably approximate in time to this fire, it had thrown out volumes of sparks and hot cinders. The condition of the track, the necessity for the exceptional and forced draft, the length and weight of the train, the grade to be overcome, the proximity of buildings were all

to be considered by the jury, and its duty in giving proper weight to this evidence was carefully explained in a clear and adequate charge.

It is true that no witness saw the inception of this fire, but as stated in Stephenson v. Railroad Company, 20 Pa. Superior Ct. 157: "It is impracticable in most cases to establish such a fact by the direct testimony of eyewitnesses. The law does not absolutely require that kind of proof, nor even proof of facts which precludes possibility of doubt as to the fact in question. The Pennsylvania reports show that numerous recoveries have been sustained where the fact that the fire was caused by sparks and cinders emitted from the company's engines was based wholly upon circumstantial evidence, not a whit more conclusive than that presented by the plaintiff in this case." Moreover, by the testimony in this case all other reasonable causes for the fire were eliminated, and the testimony which fixed this engine as its proximate cause was fortified by proof that when under the same management at other places, closely related in time, it produced exactly similar conditions to those alleged to have been the cause of this fire. When the plaintiff can show by evidence, direct or circumstantial, not only that the sparks from the defendant's engine communicated the fire to his building, but that they were emitted by reason of the defendant's negligence, it is sufficient to put the case to the jury for the purpose of showing negligence; and it is not a presumption of law that the defendant is called upon to meet, but affirmative evidence showing negligence. This can only be met by other evidence, and when such is introduced for the purpose, there is then a conflict that necessarily sends the case to the jury: Badman v. Penna. R. R. Co., 42 Pa. Superior Ct. 531; and Derminer v. New York Central &c. R. R. Co., 42 Pa. Superior Ct. 538. Brillinger v. N. C. R. R. Co., 229 Pa. 182, filed July 1, 1910.

The judgment is affirmed.