# Campbell *v.* Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Negligence—Sparks—Damages.*

1. In an action against a railroad company to recover damages for loss by fire resulting from sparks, no presumption of negligence arises simply from the fact that the defendant's locomotive communicated fire to the plaintiff's premises; the plaintiff must go further, and show by evidence direct or circumstantial, not only that the sparks from the defendant's engine communicated the fire to his premises, but that they were emitted by reason of the defendant's negligence.

2. In such a case the testimony of one of plaintiff's witnesses that he saw red-hot sparks of the size of a ten-cent piece or larger, being emitted from the locomotive on the afternoon of a clear day, will not be rejected by the court as contrary to well-known natural laws. The credibility of such a witness, like that of all the other witnesses in the case, is for the jury.

*Negligence—Compensation for delay—Interest—Damages.*

3. In an action of trespass for negligence interest is not recoverable as such, and the allowance of compensation for delay depends on the circumstances and must, therefore, be determined by the jury.

4. In such a case it is reversible error for the court to charge as follows: "It would be your duty to allow such additional sum as would compensate plaintiff for the detention from that date up to the time of trial, and whilst you may not call it interest, you may rate it on a percentage basis not exceeding six per cent, and if you find for the plaintiff you will add whatever sum you find would compensate him for the detention to the present time, and your verdict will be in a round sum."

5. If the jury has allowed interest for the full period under such instructions, but the defendant has filed a remittitur for the whole of such portion of the verdict, the appellate court will not reverse the judgment, but will direct that it be reduced by the amount specified in the remittitur, and thereupon affirm it.

Argued May 11, 1914.   Appeal, No. 43, April T., 1914, by defendant, from judgment of C. P. Butler Co., Sept. T., 1913, No. 87, on verdict for plaintiff in case of Asa J. S. Campbell v. Baltimore & Ohio Railroad Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

VOL. LVIII—16

Trespass to recover damages for injuries to property. Before GALBREATH, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following point:

4. That negligence is the want of care according to the circumstances and the court is to decide the question of negligence where the precise duty is determinate under all the circumstances and there being no proof in this case that the company was negligent in the equipment of its engine, or that its servants were negligent in the operation of the engine, the plaintiff is not entitled to recover, but the verdict must be in favor of the defendant.   *Answer:* Refused. [1]

The court charged in part as follows:

[It would be your duty to allow such additional sum as would compensate him for the detention from that date up to the time of trial and whilst you may not call it interest, you may rate it on a percentage basis not exceeding six per cent and if you find for the plaintiff you will add whatever sum you find would compensate him for the detention to the present time and your verdict would be in a round sum.] [2]

Verdict and judgment for plaintiff for $979.26.   Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*R. P. Scott,* for appellant.—Negligence being the gist of the action, the burden was on the plaintiff to prove negligence of the defendant company as charged in his declaration: Frankford, etc., Turnpike Co. v. Railroad Co., 54 Pa. 345; Phila, etc., R. R. Co. v. Hummel, 44 Pa. 275; Henderson v. Railroad Co., 144 Pa. 461; John Hancock Ice Co. v. Railroad Co., 224 Pa. 74.

The mere escape of sparks and the setting afire by

a locomotive along the line of a railroad is not in itself evidence of negligence: Jennings v. Railroad Co., 93 Pa. 337; Reading, etc., R. R. Co. v. Latshaw, 93 Pa. 449; Thomas v. Railroad Co., 182 Pa. 539; John Hancock Ice Co. v. Railroad Co., 224 Pa. 74.

Nor is negligence to be presumed from the mere fact of the occurrence: Baker v. Fehr, 38 L. Inte'g, 204; Jennings v. Railroad Co., 93 Pa. 337; P. & R. Railroad Co. v. Schultz, 93 Pa. 341; Hoag v. R. R. Co., 85 Pa. 293; South Side Pass. Ry. v. Trisch, 117 Pa. 390.

The damages, if plaintiff is entitled under the law and evidence in the case to recover, were to be assessed as of the date of the trial, February 10, 1913, and not of the date of the injury, March 25, 1910, and hence there ought not and cannot be any general compensation allowed for delay between the date of alleged injury and the date of trial: Weir v. Allegheny County, 95 Pa. 413.

It is error to instruct the jury to allow interest on the damages they may award from the date of the accident to the date of the verdict: Pittsburg, etc., Railway Co. v. Taylor, 104 Pa. 306; Emerson v. Shoonmaker, 135 Pa. 437; McGonnell v. Railway Co., 234 Pa. 396.

*S. F. Bowser,* with him *A. L. Bowser, Murrin & Murrin* and *A. M. Christley,* for appellee.—The case was for the jury: John Hancock Ice Co., v. Perkiomen R. R. Co., 224 Pa. 74; Philadelphia & Reading R. R. Co. v. Kerst, 2 Walk. 480; Van Steuben v. Central R. R. Co., 178 Pa. 367; Thomas v. N. Y. C. & St. L. R. R. Co., 182 Pa. 538.

The instruction as to damages for delay was erroneous: McGonnell v. Ry. Co., 234 Pa. 396; Richards v. Citizens' Natural Gas Co., 130 Pa. 37; Penna., etc., R. R. Co. v. Ziemer, 124 Pa. 56; Plymouth Twp. v. Graver, 125 Pa. 24; Emerson v. Schoonmaker, 135 Pa. 437; Pierce v. Lehigh Valley Coal Co., 232 Pa. 170; Wayne v. Penna. R. R. Co., 231 Pa. 512.

OPINION BY RICE, P. J., July 15, 1914:

It is a well-settled rule of law, which the court called to the jury's attention in a clear, adequate, and impartial charge, that, in an action against a railroad company to recover damages for loss by fire, no presumption of negligence arises simply from the fact that the defendant's locomotive communicated fire to the plaintiff's premises; the plaintiff must go further and show by evidence, direct or circumstantial, not only that the sparks from the defendant's engine communicated the fire to his premises, but that they were emitted by reason of the defendant's negligence. The principal question raised by the appellant is, whether the court should have given binding direction in its favor, or, failing in that, should have entered judgment in its favor non obstante veredicto upon the ground that there was no proof in the case that the defendant was negligent in the equipment of its engine or that its servants were negligent in the operation of it.

1. The evidence relied on to establish the defendant's negligence was: first, the testimony of eyewitnesses that sparks emitted from the defendant's locomotive caused the fire; second, the testimony of one of these witnesses, John Bowser, as to the size of the sparks; third, the testimony of witnesses as to other fires set along the line of the railroad by sparks emitted from the same locomotive on the same trip; fourth, testimony of a witness, competent to give such testimony, as to the size of mesh of standard spark arresters used on railroad locomotives, and as to the impossibility of a locomotive equipped with a spark arrester of the standard size, in good condition, throwing out sparks of the size testified to by at least one of the witnesses. We cannot agree with appellant's counsel that the testimony of John Bowser, that he saw red-hot sparks of the size of a ten-cent piece or larger being emitted from the locomotive on the afternoon of a clear day, must be rejected as contrary to well-known natural laws. His

credibility, like that of all the witnesses, was for the jury. The facts testified to by them, if believed by the jury, formed a sufficient legal basis for reasonable inference that the fire was caused by the defendant's negligence, and, therefore, the court could not do otherwise than submit the question to the jury, even though the evidence adduced by the defendant, if believed, was sufficient to defeat the action. The pertinent principle was fully considered in John Hancock Ice Co. v. Perkiomen R. R. Co., 224 Pa. 74, and was thus stated by Justice MESTREZAT: "The basis of the action in such cases is negligence, and the burden of establishing it is upon the plaintiff. He cannot rely upon a presumption, as in the states already referred to where that doctrine prevails, but he must introduce evidence, direct or circumstantial, from which the jury may find that the defendant company's negligence caused the fire. When, therefore, such evidence is introduced and the court holds it sufficient to go to the jury for the purpose of showing negligence, it is not a presumption of law that the defendant is called upon to meet, but affirmative evidence showing the defendant's negligence. This can only be met by other evidence, and when such is introduced for the purpose, there is a conflict of evidence and that necessarily sends the case to the jury." Therefore, the court did not err in refusing to withdraw the case from the jury or in refusing the defendant's motion for judgment non obstante veredicto.

2. The true rule is, that, in actions like the present, interest is not recoverable as such, and the allowance of compensation for delay depends on the circumstances and must, therefore, be determined by the jury: Richards v. Citizens' Natural Gas Co., 130 Pa. 37. In view of the fact that the plaintiff made no demand prior to bringing this suit, which was two years after the fire, there was particular reason why the question of allowing compensation for detention, as well as the amount of the compensation, should be left to the determina-

tion of the jury. But the instructions embraced in the second assignment of error, whether so intended by the court or not, might well be understood by the jury as meaning that the plaintiff, if entitled to recover at all, was entitled to recover such sum, in addition to the actual damages, as would compensate him for the detention of the money. They were in the nature of binding directions and therefore the court inadvertently went too far. But assuming that the jury allowed damages for detention at the rate of six per cent per annum, which is as far as they could go under the charge, the amount would not exceed $154. As the plaintiff, by paper filed, has expressly signified his desire to remit this rather than have the controversy further prolonged, the judgment will not be reversed, but will be reduced, in accordance with the practice followed in Richards v. Citizens' Natural Gas Co., supra; Emerson v. Schoonmaker, 135 Pa. 437; Shevalier v. Postal Teleg. Co., 22 Pa. Superior Ct. 506, and other cases.

In accordance with the written stipulation filed by the plaintiff, the judgment is reduced nunc pro tunc as of February 11, 1913, from $954 to $800, and is thereupon affirmed.