# McQuaide *v.* Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co., Appellant.

*Negligence—Railroads — Passenger — Injury through sparks — Circumstantial evidence—Case for jury.*

A railroad company may be held liable for injuries caused by sparks from an engine on circumstantial evidence alone.

In an action against a railroad company by a passenger to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the evidence offered by the plaintiff tends to show that at the time of the accident she was seated in a car at an open window; that she was suddenly startled by a hot object striking the back of her neck; that such object was a hot cinder of the size of a thumb nail and round in form; that it worked down between her clothing and body, and caused serious burns; that cinders were being discharged from the engine, on top of the car in which plaintiff was riding,

and along its side so as to be noticeable to plaintiff and other passengers; and that there were no mills, factories, residences, or other sources from which such a cinder could come, where the accident occurred.

Such a case must be submitted to the jury notwithstanding testimony that the engine was provided with a sufficient spark arrester.

Argued April 24, 1917. Appeal, No. 61, April T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 1454, on verdict for plaintiff in case of Nora McQuaide v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

At the trial it appeared that plaintiff was injured on July 31, 1914, while she was riding as a passenger in one of defendant's trains. The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $750. Defendant appealed.

*Error assigned* was in overruling motion of defendant for judgment n. o. v.

*John M. Reed,* with him *W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.—The evidence of negligence was not sufficient to submit the case to the jury: Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Thomas v. Philadelphia & Reading R. R. Co., 148 Pa. 180; Herstine v. Lehigh Val. R. R. Co., 151 Pa. 244; Bell v. Philadelphia & Reading Ry. Co., 25 Dist. 510.

*George C. Bradshaw,* with him *L. B. Cook,* for appellee cited: Philadelphia & Reading Ry. Co. v. Young, 90 Third Circuit Federal Reporter 709; Lehigh Valley R. R. Co. v. McKeen, 90 Pa. 122.

OPINION BY ORLADY, P. J., July 13, 1917:

The plaintiff was a passenger on one of the defendant's regular trains from Traveskyn to Pittsburgh. Having purchased a ticket she entered a passenger coach and took a seat beside an open window. After riding a short distance she was startled by a hot object striking the back of her neck. She jumped up and called aloud that there was a cinder between her clothing and body. A lady seated near her noticed that her clothing was on fire, and assisted in putting it out by pressure. The cinder developed a fire sufficient to burn her corset cover, corset, shirt, the collar on the dress and her body from the neck, down to the middle of her back. The burns were both superficial, and deep enough to involve the muscular tissue. The extent of her injuries fully warranted the verdict, the only question being the sufficiency of the evidence to fasten the liability on the defendant.

It was undisputed that there were no mills, factories, residences or other sources from which this cinder could have come, and that the country through which the train was then passing was unimproved, only bushes and trees being along the side of the railroad. It was urged that the only possible source of this cinder could have been the engine of the train, and that a cinder of this size could not have been emitted from the smokestack of the engine, unless the screen intended to prevent the discharge of the sparks and cinders was out of repair. The plaintiff exhibited in court a sample of the locomotive screen, which showed a mesh of five-sixteenth of an inch in diameter. This cinder or coke of coal was described by the plaintiff as about the size of a thumb nail, circular in form, and that it dropped from her clothing when she disrobed to receive treatment for the burns. It was equally well established that cinders were being discharged from the engine on top of the car and along its side, so as to be noticeable to the plaintiff and other passengers.

As said in Huyett v. Philadelphia & R. R. R. Co., 23 Pa. 373, "How is it possible for the court to say, as a matter of law, how many sparks, or how many fires caused by them, it takes to prove carelessness? How can the law declare, except as a deduction from facts found, what are sufficient spark catchers?" And as stated by Judge MESTREZAT in John Hancock Ice Co. v. Perkiomen R. R. Co., 224 Pa. 74, "The negligence of the defendant could arise in either or all of these different ways: (a) from an inefficient style or pattern of spark arrester; (b) from a proper spark arrester which was out of repair; or (c) from the negligent operation of the engine."

In Matthews v. Pittsburgh & Lake Erie R. R. Co., 18 Pa. Superior Ct. 10, we said, "If the evidence tends to show that the sparks which caused the fire were emitted from a particular locomotive, the case should be submitted to the jury, notwithstanding the testimony that the engine was provided with a sufficient spark arrester," and cited a number of Supreme Court cases.

In such a case as we have before us, it devolves upon the plaintiff to prove by a preponderance of evidence that the live spark causing the injury came from the railroad engine, and the evidence may be wholly circumstantial. It is impracticable in most cases to establish such a fact by the direct testimony of eye witnesses. The law does not absolutely require that kind of proof, nor even proof of facts which preclude possibility of doubt as to the fact in question. Our reports show that numerous recoveries have been sustained where the fact that a fire was caused by sparks and cinders emitted from railroad engines was based wholly upon circumstantial evidence, not a whit more conclusive than that presented by the plaintiff in this case.

It is earnestly contended by the railroad company that the engine was properly constructed and equipped with the modern appliance of a spark guard and arrester, and this fact is practically admitted, but it is not a conclu-

sive answer to the plaintiff's claim.   The careless operation of an engine is as effective a means of discharging cinders of an unusual size as is a defective spark arrester.   The uncontradicted testimony of the defendant shows that this engine was equipped with a spark arrester, with openings in it slightly over one-fourth inch in size, and is regarded as the best and latest device to prevent emissions of sparks.   It is urged that without affirmative proof of the spark arrester being defective, a spark of the size described by the plaintiff could not possibly have passed from the fire box through the mesh, so as to cause her injuries.   But, as was suggested in Badman v. Penna. R. R. Co., 42 Pa. Superior Ct. 531, and Emig v. Northern Central Ry. Co., 43 Pa. Superior Ct. 432, that with all these mechanical devices in use on an engine, yet it is possible for an engineer to so manage his engine by the application of the draft to the fire, that sparks and cinders may be forced through the mesh of a spark arrester; that when the coal in the firebox is in a certain degree of fusion and a forced draft is applied, it causes the semifused coal to be forced through the spark arrester, and that when it strikes the air, it cokes and expands to a size, which at first view would contradict the existence of an efficient spark arrester, but may produce cinders of the size described by this witness as, —of a thumb nail and round in form.

The basis of the action in such cases is negligence, and the burden of establishing it is upon the plaintiff.   He cannot rely alone upon a presumption, but must introduce evidence, direct or circumstantial, from which the jury may find that the defendant company's negligence caused the injury.   When such evidence is introduced, and the court holds it sufficient to go to the jury for the purpose of showing negligence, it is not a presumption of law that the defendant is called upon to meet, but affirmative evidence showing the defendant's negligence. This can only be made by circumstantial evidence, and when such is introduced for the purpose, there is a con-

flict of evidence and that necessarily sends the case to the jury: Campbell v. B. & O. R. R. Co., 58 Pa. Superior Ct. 241; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112; Stephenson v. Penna. R. R. Co., 20 Pa. Superior Ct. 157.

The facts in this case and the reasonable inferences to be drawn from them, made the question of the plaintiff's negligence one for the jury alone. It was fairly submitted, and the judgment is affirmed.